FRANKLIN,
January,
1834.

HENRY McLAUGHLIN vs. LYMAN HILL.

A former recovery in an action on book will not bar a subsequent suit of the same nature for articles delivered previous to such recovery, but not adjudicated upon, on the ground that the time of payment had not then elapsed.

Parol proof is admissible to show that the articles in question were not adjudicated upon in the former suit; and

To this point the plaintiff is a competent witness.

This was a suit originally commenced before a Justice, appealed to the County Court, where an auditor was appointed, who reported that he found due the plaintiff $12, 40 cts., together with the following facts:

"That at the trial, the defendant exhibited no account, and the plaintiff exhibited an account consisting of two items amounting to ten dollars, which your auditor finds were delivered by the plaintiff to the defendant in February, 1828.

The defendant then offered the record of a judgement recovered before Seymour Eggleston, Justice of the Peace, on the last Thursday of May, A. D. 1828, in favor of the present plaintiff, against this defendant, in an action on book account.

To the admission of this record, the plaintiff objected, and contended that this defence should have been made before the County Court, and could not be admitted after judgement to account.

This objection was overruled by the auditor, and the record was admitted; and the auditor finds, that after the delivery of the articles charged in the plaintiff's account, to wit, on the last Thursday of May, A. D. 1828, the plaintiff, McLaughlin, by the consideration of Seymour Eggleston, Justice of the Peace, recovered a judgement in his favor against the defendant, Hill, in an action on book account.

The plaintiff's attorney then offered evidence to prove that the articles charged in the plaintiff's account were not to be paid for until the winter of 1829, and after the recovery of the aforesaid judgement: that at the trial of the suit before Eggleston, these articles were not adjudicated upon, but were left out in consequence of their not being due when said judgement was recovered; and for this purpose, the plaintiff was called, and offered as a witness.

FRANKLIN,
January,
1834.

McLaughlin
vs.
Hill.

To this offer the defendant objected,

1st, Because parol evidence ought not to be admitted— the record of itself being conclusive.

2d, If parol evidence could be admitted, yet the plaintiff is not a competent or proper witness.

Both these objections were overruled by the auditor, and the plaintiff admitted to testify.

The auditor finds that at the time the articles charged in the account were delivered, there was an agreement that the defendant was to pay for them in grain, and that the plaintiff was to wait for his pay until the next winter; that is, until the winter of 1829.

That at the time the aforesaid judgement was recovered before said Eggleston, the articles charged in this account were mentioned to said Justice; but as the time of payment had not arrived, they were not taken into the account upon which that judgement was rendered, but were by the Justice left out of that judgement. But it did not appear that Hill, the defendant, was present at the time, or was in any manner notified that the articles were not included in said judgement when the same was rendered.

These facts are found from the testimony of the plaintiff alone.

The auditor further finds, that the articles charged in the account were never entered in the original books of the plaintiff."

*Argument for defendant.*—Two questions are raised.—

1st, Is the judgement before the Justice a bar to the action?

2d, If not a bar, was the plaintiff a comptent witness to prove the items in the account, though admitted to exist as a book charge between the parties, at the time of the rendition of the first judgement, were not adjudicated upon in that action?

1. The action on book is a creature of our statute, and is given to enable the plaintiff to recover any balance that may be due to him on book from the defendant, up to the time of auditing and adjusting the accounts.

It is impossible that there can be two balances on book existing at the same time. Hence two actions on book cannot be in existence at once. This rule, it is true, does

FRANKLIN,
. *January*,
1834.

McLaughlin
*vs.*
Hill.

not prevail in Connecticut, the only place in christendom where this action is known, except in our own Courts.— *Lane* vs. *Cook*, 3 Day, 255.

But the reason of that rule in Connecticut is very obvious, as by their statute the plaintiff can only recover such sum as was due to him on book at the commencement of the suit.—4 Con. R. 365.

If this action can be sustained, the plaintiff may sustain fifty different actions on book, one after the other, when there has been no dealings or communications between the parties, subsequent to the bringing of the first action.

2. The recovery in the first action is *prima facie* a bar to any recovery in this; and the question is, whether the plaintiff is a competent witness to prove facts necessary to remove this bar.

The old rule in Connecticut on the subject as laid down by the Court in *Phœnix* vs. *Prindle* (Kirby 209) was that the parties were competent witnesses as to the quantity, quality and delivery of the articles charged; but this rule was extended by subsequent decisions.

In the case of *Bryan* vs. *Jackson*, which extended this doctrine as far as any case to be found, the Court say, when proper articles are charged on book, the parties *quoad* the book debt are admissible like all other witnesses to testify fully and freely in support or confutation of the accounts; but the same Court, in *Wead* vs. *Bishop*, when commenting upon the case of *Bryan* vs. *Jackson*, say, that it would be doing violence to the language employed, to say that it is implied that a party may testify on an issue founded on a release or tender pleaded; nor within the knowledge of the Court has such a principle ever been recognized.—4 Con. R. 288.—7 do. 131.

Testimony on such issues surely is not *quoad* book debt, nor in support or confutation of the account; and on this principle, the Court, in the case of *Wead* vs. *Bishop*, refused to permit the plaintiff to testify to a promise made within six years to avoid the effect of the Statute of Limitations.

The Court, in *Richards, Truesdell & Co.* vs. *O. & W. C. Stevens*, say, that as the parties are made witnesses, there can be no better rule than that they should testify to every material fact in relation to the account.

FRANKLIN,
January,
1834.

McLaughlin
vs.
Hill.

But the fact here testified is not in relation to the account, but is in relation to a prior judgement recovered by the same plaintiff against the defendant, and to shew the effect and extent of that judgement.

*Argument for the plaintiff.*—The plaintiff contends that the only case in which a former recovery is a bar to a subsequent action is, where it is shown conclusively, that *the same cause* of action was adjudicated in the former suit, and judgement rendered upon the same.—3 Wils. 304.—6 T. R. 607.

A recovery in a former action, apparently for the same cause, is only *prima facie* evidence, that the subsequent demand has been tried, but is not conclusive.—2 John. R. 227.—6 Term R. 607.—3 Wils. R. 304.—2 Bl. R. 827 & 779.

Therefore, it is contended that it is necessary for the defendant to show, not merely the record of a former suit between the parties, but that the matter now in dispute was then and there adjudicated.

It is also contended that in an action on book, the Justice is not authorized to allow, or adjudicate upon those charges or items of book account, the time for the payment of which has not yet arrived.—4 Vt. R. 368.

The second position assumed by the defendants, that the plaintiff in an action on book is not a competent witness, is equally preposterous as their first.

That the plaintiff, in an action on book account, is competent to testify concerning the same, is not only established by the laws of this State, but also the decisions of the Courts in all cases relating to actions on book, have been in accordance therewith.

The opinion of the Court was pronounced by

MATTOCKS, J.—Several questions are now presented upon the report of the auditor. First, was the previous judgement before the Justice a bar to this action? The 8th Sec. of Stat. relating to accounts says, "The auditors shall adjust all accounts existing between the parties of a similar nature and in the same right to the time of making their report;" and the 4th Sec. of the Justice Act, No. 3, authorizes a Justice to enquire of the parties upon oath rela-

FRANKLIN,
January,
1834.

McLaughlin
vs.
Hill.

tive to their respective accounts. These, it is believed, are the only statutes that affect this question.

In pleading a former recovery in bar in *assumpsit*, it is necessary to aver that the recovery was for the same identical promises, in the declaration mentioned. The plaintiff, in his replication, may admit the recovery of the judgement, but allege that the damages so recovered were not, nor are any or either of them the same identical promises in his declaration mentioned, but other & different promises, and then re-assign the promises in his declaration: and then the defendant may traverse the promises in the new assignment, and conclude to the country. When the issue is made to try the question whether the former recovery was for the same cause of action, (Story Plead. 133) and the question in such cases is whether the same cause of action has been litigated and considered in the former action; and in *Seddon et al* vs. *Tutop*, 6 T. R. 607, on nearly such a state of pleadings as before mentioned, the case was, that the plaintiff, in a former action, declared on a promissory note, and for goods sold and delivered; but in executing a writ of inquiry after default, gave no evidence on the count for goods sold; and took his damages for the amount of the note only. And it was ruled that the judgement thereupon, was no bar to his recovering in a subsequent action for the goods sold. And in debt on simple contract, the form of pleading *mutatis mutandis*, would, it seems, be the same. And on specialties, the condition of the obligation would shew the causes of action to be identical. Suppose a former recovery then, in this case, had been plead in proper form, would not the facts found by the auditor, that the account now claimed was not submitted to the Justice, and that the time of payment had not elapsed, coming out in the replication, be a good answer to the plea? In the case cited, there was no reason for not proving the demand before the jury. But the fact that the plaintiff did not attempt it, saved his claim. Here in this suit the same contract exists, and a very fair reason for his neglect, this part of his debt had not become due. The Justice act quoted, says nothing as to down to what time he shall adjust the accounts, like the act relating to auditors. And the act relating to the duties of auditors, does not in terms

FRANKLIN,
*January,*
1834.

McLaughlin
*vs.*
Hill.

touch the doings of a justice. But if the justice ought, in ordinary cases, to regard the meaning of it, and adjust the accounts as they should be, yet for good cause perhaps there should be some exceptions. But as the statute does not say that what is not adjusted, shall be barred, and in analogy to other judgments and to the case of a general submission to arbitrators, who omit to act on a particular demand, it would not seem expedient to put so harsh a construction upon the statute, as to extinguish a debt that for a good reason had not been presented nor adjudicated upon. There was no former recovery for this cause of action, nor had this demand been *sub judice.*

The next question is, was it competent for the plaintiff to show by parol that the charges in question were not adjudicated upon by the Justice. The burden of proof in the first instance was upon the defendant to show that they had been; but by his producing the records of the judgment rendered after the date of the charges, it would be presumptive evidence that these items were included, if there was no copy of the account, or other minutes of the Justice to show the contrary. If a copy of the account had been produced, on which the judgment was rendered, it would have been conclusive evidence; and then it was incumbent upon the plaintiff to disprove this presumption. And how could that be done without the testimony of some one who knew and recollected how the fact was? Where a former recovery is plead in bar to an action of trover for goods, and where the descriptions do not render it certain that they were the same goods, (which indeed no description can make conclusively, &c.) how is the fact to be ascertained but by proof on either or both sides? And in recoveries in *assumpsit* on the common counts, where there has been no specification, there could be no approach to certainty without such proof. And if it could not be admitted, such counts should be expunged from the record, and no recoveries permitted upon them, as affording no protection to the defendant. Our declaration on book account in this respect is like the common counts for goods sold and delivered. Parol testimony then was admissible to show that the items of the plaintiff's account, now sued for, were not presented nor considered by

FRANKLIN,
January,
1834.

McLaughlin
vs.
Hill.

the justice.   The last question is, whether the plaintiff was a competent witness to this point.   In *Stevens & Stevens* vs. *Truesdell et al.*, 2 Aik. 81, it was decided that the parties in an action on book account are competent to testify to every fact in relation to their accounts proper to be considered in deciding upon the respective claims of the parties; and in *May & Wells* vs. *Corlew*, 4 Vt. R. 12, this decision is quoted and approved by the court.   And what other principle can be applied to such cases?   Is not the maxim as true in law as in ethics, that the truth half told is a lie?   In a case, *Paul* vs. *Trescott*, in Caledonia County, (not reported) it was decided that the plaintiff should not be allowed to testify to a new promise to revive an account against which the statute had run.   This is the only exception that is known to have been made to the broad rule before stated; and such testimony is not relating to the original merits of the case, as the object of insisting upon the Statute of Limitations is to preclude that inquiry.   Whether there may be any other exception is not now in question; but no reason is perceived for making the case at bar one.   The plaintiff then was competent to testify as permitted by the auditor.   His testimony was in effect to show that his claim had neither been paid nor liquidated, but was still open and due.   But it has been said that there can be but one balance between the parties.   Yet it has always been held that if the defendant does not present his account, he may afterwards sue and recover upon it; and the legislature have recognized this to be the law, by declaring in No. 8 of the justice act, that where it shall appear that the defendant had personal notice, in the first suit, he shall not, when he turns plaintiff, recover cost.   Here then there may be balances both ways.

In this case, as it is not uncommon in these actions of book account, the novelty, peculiarity and danger of these have been descanted upon as reasons for holding the parties to great strictness in the proceedings.   And it has been said that this action is unknown in christendom except in Connecticut and Vermont.   It is supposed that the substitute of this form of action was brought to New-England by a dissenting English minister from Holland, not long after the arrival of the pilgrims.   However this may be, it

is certain that under different modifications it has existed for a long time and still does exist in all the States of New-England except perhaps Rhode Island. And in New-Hampshire, at least when the ancient practice was to have the jury audit the account, within a few years by statute, it is provisionally referred to auditors, approximating to the Connecticut mode, which in this State was taken as a model; and in no instance is it known that any State has abolished this action after experiencing its results according to our practice. In this action there are very few new principles. It is chiefly a new combination of known common law and chancery principles. It is the ancient action of account enlarged to comprehend not all, but a large class of cases; and the chancery mode of proceeding by bill and cross-bill, with the addition of allowing each party to tender his own oath, as well as demand that of his adversary; with also the improvement of having the parties confront each other, and be subject to an open cross-examination, the great test of truth—all other proofs also admissible as in other actions; and men of general intelligence and especially conversant with the nature of the claims in dispute, selected for triers, with the supervisory power of the court in points of law; and all this in a plain and direct manner, unincumbered with forms. How are accounts collected where this remedy does not exist? By the fair appearance of the entries—by the testimony of the clerk, or if he is dead or absent, by proof of his hand-writing; slender grounds against premeditated dishonesty, or mere blunders even in the principal or agent. And in this bartering country, where every one trusts and gets trusted, how few keep a clerk! In complicated accounts the parties are obliged to go to chancery; and although sometimes painful collisions happen between the parties upon oath, yet how many honest accounts are paid without suit, which would be lost but for this known remedy! And as to settling controversies by the oath of the parties, this to some extent was directed by Jehovah himself in that more than human code delivered to the Jews, and from which most of the ancient nation stook much of what was valuable in their several systems; and from which also mediately the civil law, that masterpiece of human wisdom, which was

FRANKLIN,
January,
1834.

McLaughlin
vs.
Hill.

the admiration and imitation of the civilized world, drew many of its perfections, and this among the rest.   And where now is the judicial system of any christian country, where the oath of a party, in some form or for some purposes, is not permitted? For myself, I do not consider the Yankee action of book account obnoxious to the forensic criticism so often and so elaborately bestowed upon it; nor that sound policy requires us to impugn any decisions that have heretofore been made by this court in relation to the rights of the parties to testify.   I think this right has been placed upon its true basis.

The county court accepted the report of the auditors, which judgment is affirmed.

*Stevens & Dewitt* for plaintiff.
*Smalley & Adams* for defendant.