HARVEY WHITE *v.* WILLIAM C. DOW.

*Book Account. Statute of limitations. Testimony of party to new promise. Waiver of objection to evidence.*

The party, in an action upon book account, cannot, by his own testimony, prove a new promise, to avoid the effect of the statute of limitations.

White *v.* Dow.

But if the testimony be received, without objection at the time, it cannot afterwards be objected, that it was incompetent.

Evidence that the plaintiff, within six years, desired the defendant to allow the claim, now in suit, towards a debt due to him from the plaintiff, and that the defendant replied, " *No matter about it, —it will all come right*," and that, at another time, when called upon to adjust the claim, he said " *he was too busy*," is not sufficient to avoid the effect of the statute of limitations.

BOOK ACCOUNT. Judgment to account was rendered, and an auditor was appointed, who reported the facts as follows.

In August, 1843, which was more than six years before the commencement of this suit, the plaintiff sold to the defendant a note against one Sargeant, upon which there was then due about $36,00, for $18,00 and the charge for this constituted the only item of the account presented by the plaintiff before the auditor. The plaintiff testified, that when he sold the note to the defendant, he was himself indebted to the firm of Brown & Dow, of which the defendant was a member, both on book account and upon note, upon which there was due a larger sum than $18,00,—both of which had subsequently become the property of the defendant, and had been paid. It appeared, that the defendant, at a previous trial of this suit before a justice of the peace, admitted, that he had never paid this sum of $18,00, but at the same time protested, that he was not liable to pay it, as he had never purchased the note. The plaintiff also testified, and from his testimony alone the auditor found the fact to be, that when the plaintiff paid to the defendant Brown & Dow's account, which was less than six years before the commencement of this suit, he requested the defendant to apply upon that account the amount now sued for, and that the defendant replied, " *No matter about it, it will all come right*,"—and that the plaintiff afterwards made a similar request, and the defendant again put him off, saying "*he was too busy*." The auditor decided, that the plaintiff's account was barred by the statute of limitations, and reported, that there was nothing due from the defendant to the plaintiff.

The county court,—November Adjourned Term, 1850,—PIERPOINT, J., presiding,—rendered judgment for the defendant, upon the report. Exceptions by plaintiff.

*S. Fullam*, for plaintiff, insisted, that the declarations of the defendant were virtually an admission of indebtedness,—citing *Phelps* v. *Stewart et al.*, 12 Vt. 256, and *Olcott* v. *Scales*, 3 Vt. 173; and that, the plaintiff having testified to these declarations without objection, it was too late now to object to his competency.

*D. E. Nicholson*, for defendant, insisted, that the declarations made by the defendant, when considered in connection with the circumstances, fairly negatived any admission of indebtedness,—citing Chit. on Cont. 821; and that the plaintiff was not a competent witness, to prove admissions taking the case out of the statute of limitations,—citing *McLaughlin* v. *Hill*, 6 Vt. 20.

The opinion of the court was delivered by

KELLOGG, J. Upon the report of the auditor two questions are raised for consideration.

1. It is said, that the facts found by the auditor, and which are claimed by the plaintiff to be sufficient to remove the statutory bar, were found upon incompetent testimony and therefore should not be allowed to revive the plaintiff's cause of action.

It is conceded, that since the case of *McLaughlin* v. *Hill*, 6 Vt. 20, the party, if objected to, has been held an incompetent witness to prove a new promise to take the case out of the statute of limitations. And we are not disposed to question the propriety of that decision. But we suppose it is always competent for the opposite party to waive the objection, and if waived, he cannot afterwards, in a subsequent stage of the case, avail himself of the objection. We do not see, why objection to the competency of the party to testify to a particular fact may not be waived, as well as objection to any other incompetent witness. We apprehend, that if the plaintiff, at the hearing before the auditor, had offered a witness, who was clearly incompetent by reason of interest, and this interest known to the opposite party, who made no objection to the reception of the testimony, he could not afterwards, in the county court, avail himself of that objection. It does not appear, that the defendant, at the hearing before the auditor, made any objection to the plaintiff's testifying in relation to a new promise, or any question as to the competency of the testimony, so given by the plaintiff. A majority of the court

are therefore of opinion, that the objection was waived by the defendant, and that the facts found by the auditor upon the testimony of the plaintiff were properly found and should be treated as legal evidence in the case.

2. It is urged, that, conceding the facts found by the auditor to be legal evidence in the case, they are insufficient to obviate the effect of the statute.

The rule laid down in *Phelps* v. *Stewart*, 12 Vt. 256, it is believed, has been uniformly followed by the courts of this state, since that decision. It was there held, that, to take a case out of the operation of the statute by the admission of the party, there must be an unqualified acknowledgment of the debt, with an apparent willingness to remain liable for it, or at least no avowed intention to the contrary. Do the facts amount to such an acknowledgment of the plaintiff's account? When called upon by the plaintiff to apply his claim upon the account due to Brown & Dow, the defendant replied, "no matter about it, it will all come right;" and upon another occasion, when called upon to adjust the plaintiff's account, his reply was, "he was too busy." These expressions of the defendant clearly do not amount to a denial or repudiation of the account; but we are all of opinion, that they do not amount to such an acknowledgment, or admission, as will save it from the operation of the statute.

The judgment of the county court is affirmed.