### AMASA PROCTOR *v.* EDSON M. WILEY.

*Book Account. Pleading. Offset. Gen. Sts. c. 39, s. 10.*
*(R. L. s. 928.)*

When a defendant has properly pleaded in a justice trial, on appeal into the County Court, a *new declaration is unnecessary* under sec. 10, ch. 39, Gen. Sts., (R. L. s. 928,) relating to offset; and he is entitled to a judgment to account.

THIS case was heard by the court at the December Term, 1880, TAFT, J., presiding. Judgment to account. The only question raised in the court below is stated in the opinion.

*Gilbert A. Davis,* for the plaintiff.

*J. F. Deane* and *Walker & Goddard,* for the defendant.

The opinion of the court was delivered by

ROYCE, J. The court below rendered judgment to account, and appointed an auditor upon the declaration on book, filed at the time when the cause was set for trial, and was tried by the justice of the peace, to whom the writ was made returnable. No ques-

tion is made as to the sufficiency of the declaration, or, but what the requisite security for costs has been given.

It is claimed by the appellant that no such judgment could have legally been rendered, because no declaration on book had been filed in the County Court ; that by s. 10 of chap. 39 of the Gen. Sts., it is made the duty of a defendant to file his declaration in the County Court, where the cause is pending, at the first term thereof, to entitle himself to have any such judgment rendered, and to have the trial thereafter proceeded with in the County Court in the manner prescribed for the trial of matters of book account.

The trial of civil actions that a justice of the peace has jurisdiction of, is required to be by the justice who signed the writ or by a jury ; there is no provision for the appointment of an auditor by a justice ; and it is provided by sec. 16 of chap. 39, that no formal plea in offset shall be required before a justice ; but the party making the same shall be required to set down in writing a specification of the demand or demands as pleaded in offset ; and that the justice shall render judgment for such sum as shall be found in arrear from either party. The statute does not prohibit the filing of a declaration in offset before the justice ; it is left optional with the party whether to file such a declaration or not. But the filing of such a declaration does not excuse him from the duty of filing a specification of his demand or demands, unless the declaration is of such a character as to apprise the plaintiff of the nature of his demand or demands in offset. When such a declaration is filed before the justice it becomes a part of the pleadings ; and when the copies of appeal are entered in the County Court, the declaration so filed is the declaration in the case ; and unless the defendant elects to file a new declaration, the case is to be proceeded with upon the declaration filed before the justice. It could not have been contemplated that a defendant should be compelled to go through the useless ceremony of duplicating the declaration already on file in the County Court, to entitle himself to the proper judgment upon the declaration in the case.

There was no error in rendering the judgment excepted to, and the judgment of the County Court is affirmed, and cause remanded.