EDWARD J. HALL v. MARTIN V. ARMSTRONG.

---

BENNINGTON COUNTY, 1893.

---

Before: TAFT, ROWELL, TYLER AND THOMPSON, JJ.

*Book account.　No jury trial in.　Appealed case.　Constitution of United States and Constitution of Vermont construed in this respect.*

1.　A party is not entitled to a jury trial upon the merits in an action of book account pending in the county court.

2.　And this is so although the suit was originally brought before a justice of the peace, for the appeal vacates the judgment of the justice and brings the case *de novo* before the county court.

3.　Article 7, of the amendments to the constitution of the United States, providing for a trial by jury, refers only to suits pending in the federal courts.

4.　Nor does the fourteenth amendment necessarily secure the right in all cases to a jury trial, for by "due process of law" is meant the settled course of judicial procedure as determined by the law of the State.

5.　The constitution of Vermont, providing that where an issue of fact is joined in a law court proper for the cognizance of a jury, the parties have a right to a trial by jury, applies only to those cases in which a jury trial was in vogue at the time of the adoption.

6.　In 1786 and 1793 a jury trial was not demandable in an action of book account.

Book account appealed from a judgment of a justice of the peace.　The plaintiff moved for a judgment to account, to which the defendant objected for that he was entitled to a jury trial upon the merits.　Heard at the December term, 1892, START, J., presiding.　The court *pro forma* sustained the defendant's objection.　The plaintiff excepts.　The opinion states the case.

*C. H. Darling* for the plaintiff.

The case stood for trial *de novo* in the county court. *Bundy* v. *Bruce et al.*, 61 Vt. 619 ; *Fletcher* v. *Blair et al.*, 20 Vt. 124 ; *Chadwick & Co.* v. *Divol*, 12 Vt. 499 ; *Proctor* v. *Willey*, 53 Vt. 406 ; *Martin* v. *Fairbanks*, 7 Vt. 97.

The legislature may determine the manner of trial.　*Re Marron*, 60 Vt. 199 ; *Jones* v. *Spear*, 21 Vt. 426 ; *Huntington* v. *Bishop*, 5 Vt. 186.

*Sheldon & Cushman* for the defendant.

The constitution of the United States secures the defendant a jury trial.　Constitution of United States, 7th amendment ; *Parsons* v. *Bedford*, 3 Pet. 447.

So do the constitution and laws of Vermont.　Bill of Rights, Vt., chap. 1, art. 12, chap. 2, s. 31 ; Const. Vt., 1777, chap. 1, art. 13 ; id. 1786, chap. 1, art. 14 ; *Plympton* v. *Somerset*, 33 Vt. 283 ; *State* v. *Peterson*, 41 Vt. 508 ; *Copp* v. *Henniker*, 55 N. H. 179 (S. C. 20 Am. Rep. 194) ; *Francis* v. *Baker*, 11 R. I. 103 ; *St. Paul and Sioux City Railroad Co.* v. *Gardner, Apt.*, 19 Minn. 32 (S. C. 19 Am. Rep. 334) ; *Hunt et al.* v. *Lucas*, 99 Mass. 410 ; *Commonwealth* v. *Anthes*, 5 Gray 222 ; *Jones* v. *Robbins*, 8 Gray 340.

The opinion of the court was delivered by

THOMPSON, J.   This is an action of book account commenced before a justice court, and which came to the county court by appeal.   In the county court the plaintiff moved that judgment be rendered for the defendant to account.   No pleadings were filed by the defendant, but he objected to the granting of the motion on the ground that, as a matter of law, he was entitled to a jury trial on the merits of the case.   The defendant's objection was sustained and the motion denied, *pro forma*, to which the plaintiff excepted, and the case was passed to this court before final judgment, as provided by the statute.

The only question presented for decision is whether, in an action of book account, the defendant is entitled to a trial by jury on the merits of the case, if he demands it before judgment to account is entered.

The defendant's first contention is that, as R. L. s. 1,057 gives a jury trial in a case of this kind in the justice court, that right comes with the case to the county court, and that by virtue of that section of R. L. he is entitled to a jury trial in the county court, and that R. L., ch. 67, prescribing the procedure for the trial of actions of account, and of book account, applies only to such actions when brought originally to the county court.   This contention is unsound.   It is well settled that the appeal vacates the justice judgment, and brings the case entire and *de novo* before the county court, there to be proceeded with in the same manner as if it had been originally returnable to that court.   *Martin* v. *Fairbanks*, 7 Vt. 97 ; *Fletcher* v. *Blair*, 20 Vt. 124 ; *Chadwick* v. *Divol*, 12 Vt. 499 ; *Proctor* v. *Wiley*, 53 Vt. 406 : *Bundy* v. *Bruce*, 61 Vt. 619.   R. L. s. 1,206 provides for the trials of actions of account, and of book account, by auditors, when pending in the county court.

The defendant also contends that article 7 of the amend-

ments to the constitution of the United States gives him a right to a trial by jury in the case at bar. That article provides that "in suits at common law, where the value of the controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." We might dispose of this claim on the ground that the record does not disclose that the value in controversy in this suit exceeds twenty dollars, and therefore no question is raised under the provisions of that article, were it applicable to proceedings in a State court. But it has been many times decided that this article relates only to trials in the courts of the United States. In *Walker* v. *Sauvinet*, 92 U. S. 90 (L. Ed. Book 23, p. 678), Waite, Ch. J., says:

. "The States, so far as this amendment is concerned, are left to regulate trials in their own courts in their own way. A trial by jury in suits at common law pending in the State courts is not, therefore, a privilege or immunity of national citizenship, which the States are forbidden by the fourteenth amendment to abridge. A State cannot deprive a person of his property without due process of law ; but this does not necessarily imply that all trials in the State courts affecting the property of persons must be by jury. This requirement of the constitution is met if the trial is had according to the settled course of judicial proceedings. *Murray* v. *Hoboken L. and I. Co.*, 18 How. 272 (L. Ed. XV. 376). Due process of law is process due according to the law of the land. This process in the States is regulated by the law of the State. *Edwards* v. *Elliott*, 21 Wall. 532 (L. Ed. Book 22, p. 487) ; *Pearson* v. *Yewdall*, 95 U. S. 294 (L. Ed. Book 24, p. 436) ; Cool. Con. Lim. (4th Ed.), 25 ; Prof. Jur. 123, s. 83."

The defendant also insists that he is entitled to a jury trial on the merits of this action under art. 12, chap. 1, of the constitution of Vermont, which provides "that when any issue in fact, proper for the cognizance of a jury, is joined in a court of law, the parties have a right to trial by jury, which ought to be held sacred." To the same effect are the provisions of s. 31, chap. 11, of the constitution of Vermont.

What is the right guaranteed by these provisions of our constitution?  Speaking of the right of trial by jury as preserved in the State constitutions, Cooley says : " The constitutional provisions do not extend the right; they only secure it in cases in which it was a matter of right before."  Prof. Pomeroy says : " It is the _right_ of trial by jury which exists and is preserved, and what that right is is a purely historical question, a fact to be ascertained like any other social, legal or political fact.  As a constitution speaks from the time of its adoption, the fact of the right to jury trial, which is ascertained to have existed at that time, must necessarily determine the meaning of the clause which recognizes and preserves that right."  The courts seem, with great unanimity, to have accepted this general principle of construction, and not to have rested their decisions upon the special language of the clause under consideration.  Note to Sedge. Stat. Law (2d Ed.), 487 ; Prof. Jur. 124, s. 84 ; _note to Flint River Steamboat Co._ v. _Roberts_, 48 Am. Dec. 186."

Art. 13, chap. 1, of the constitution of Vermont, adopted in 1777, was in these words : "That in controversies respecting property, and in suits between man and man, the parties have a right to a trial by jury which ought to be held sacred."  It will be observed that the language there used is very broad and somewhat indefinite.  Art 14, of chap. 1, of the constitution of 1786, which provided for trial by jury, was substantially the same as art. 12, of chap. 1, of the constitution adopted in 1793.  The present form of expression in art. 12 chap. 1, of our constitution, is that adopted in 1793.  The change of expression from that used in the constitution of 1777 was intended to define and restrict the loose and general language of that constitution, and to prevent its being misconstrued so as to make jury trials of universal application.  _Plimpton_ v. _Somerset_, 33 Vt. 283.

It thus becomes necessary to inquire whether, at the time of the adoption of the constitution of 1786, or of 1793, the

action of book account was in use in this State, and if so whether, at that time, a party to such action was entitled to a trial by jury on its merits.

. When or where this form of action originated is somewhat uncertain. · It is supposed that it, or a substitute for it, was brought to New England from Holland by a dissenting English minister, not long after the arrival of the Pilgrims. It is said to have existed in all the New England States except, perhaps, Rhode Island. *McLaughlin* v. *Hill*, 6 Vt. 20. It is evident that it was in use in this State as early as 1782, and probably long before that date. Among the laws enacted at the session of the legislature held at Manchester, Vt., in October, 1782, we find an act entitled "An act relating to auditors and actions of account." This act provided for the trial of actions of account by auditors to be appointed by the court after judgment to account had been rendered, and it then further provided "that in all actions brought on book accounts, depending before any county or supreme court, the like method" should be taken in appointing auditors to adjust the accounts between the parties as was provided in actions of account. Slade's State Papers, 456.

A long established construction of a statute or a constitution, as a general rule, is entitled to the force of a judicial determination. *Boyden* v. *Brookline*, 8 Vt. 284. In *Plimpton* v. *Somerset*, 33 Vt. 291, after enumerating some of the cases in which a jury trial cannot be had, Aldis, J., says: "In all these and other similar cases which might be noted, the *immemorial practice* of proceeding to trial without a jury, in the common law courts of England and this country, has been held conclusive to show that they are not, within the terms of the constitution, 'proper for the cognizance of a jury,' and were not intended to be therein included."

This act of October, 1782, was enacted four years before

the adoption of the constitution of 1786, and eleven years before the adoption of that of 1793. At no other period of our history were the people ever more jealous and careful in asserting and maintaining their right to a jury trial as they understood it then existed than they were at that time. In view of this fact and the other circumstances connected with the development of the jurisprudence of this State, we are irresistibly led to the conclusion that, as early as 1782, it was settled and generally understood, that in an action of book account the parties were not entitled to a trial by jury on the merits of the case, and that such was the law and the practice at the time of the adoption of the constitution of 1786 and that of 1793. The whole course of legislative enactment and of judicial proceedings from that day to this clearly indicate that the people, the bench and the bar have always understood that such was the law, at the time of the adoption of the constitution, and that they have construed the constitution for that reason as not conferring the right of trial by jury in this form of action. During the one hundred and ten years which have intervened since the passage of the act of October, 1782, we do not find that it has ever been claimed, or even suggested, prior to raising the question in the case at bar, either by parties, or by counsel, or by the court, that a party was entitled to a jury trial on the merits of the controversy in this form of action. On the other hand, we find enactments of the legislature and utterances of counsel and of judges, and an unvarying course of procedure during all this time, which unmistakably show that the contrary view has been generally and continuously held. They are both interesting and instructive as showing the consensus of opinion on this subject, and especially so when considered in connection with the uniform practice and procedure in this action. In February, 1797, the legislature passed an act relating to the action of account, which provided that it might be sustained

for the same causes as are enumerated in R. L., 1,202, and also provided for the appointment of auditors to hear, examine and adjust the accounts between the parties to such action. By s. 2, of the same act, it further provided as follows : " That actions of account may be sustained on book accounts ; and the same proceedings may be had therein, as in this act before provided, in the common action of account." Such was the early interpretation of the constitution by the legislature in respect to the method of trial in actions of book account. Laws of Vt., Vol. I, (Tolman's Comp.), 236. "By an act passed in March, 1797, a jury empanelled to try a cause in a justice court were empowered to audit and adjust all accounts and demands committed to them by such justice, and draw the just balance between the parties in such cause ; and return such balance to said justice, in their verdict ; any former law, usage or custom in this State to the contrary notwithstanding." Vol. I, Laws of Vt., (Tolman's Comp.), 175. This act was passed to enable a jury in a justice court, in actions of book account, to act as auditors, and from the language of the act quoted, it is apparent that it was considered an innovation upon the settled law and usage in such an action, to allow a jury trial in it, by even a justice's jury of six men.

In 1818, in *Field* v. *Sawyer*, Brayton, 39, counsel for the defendant argued that this form of action was not to be favored because under it a party was not entitled to a jury trial, and that, therefore, the court should adopt a narrow construction in respect to what items could be charged in book account and recovery had therefor in this form of action. There was no suggestion that a trial by auditors instead of by jury was unconstitutional. In *Huntington* v. *Bishop*, 5 Vt. 195, Phelps, J., says : " We have had our chancery proceedings, our probate courts, and even our action of account and book debt, operating from day to day, without dreaming that all this was a gross violation of the

constitution which is now discovered to have secured to the parties a trial by jury in all controverted cases." Speaking of the action of book account, in *McLaughlin* v. *Hill*, 6 Vt. 27, Mattocks, J., says: "In this action there are very few new principles. It is chiefly a new combination of known common law and chancery principles. It is the ancient action of account enlarged to comprehend not all, but a large class of cases; and the chancery mode of proceeding by bill and cross-bill, with the addition of allowing each party to tender his own oath, as well as demand that of his adversary; with also the improvement of having the parties confront each other, and be subject to an open cross-examination, the great test of truth—all other proofs also admissible as in other actions; and men of general intelligence and especially conversant with the nature of the claims in dispute selected for triers, with the supervisory power of the court in points of law; and all this in a plain and direct manner, unincumbered with forms." In *Plimpton* v. *Somerset*, 33 Vt. 290, Aldis, J., says: "Even in common law courts there are many cases in which by the custom of the common law no jury trials can be had, as in account and its derivative, book account." *In re Weatherhead*, 53 Vt. 653. It was held in *Hall* v. *Downs*, Brayton, 168, decided in 1816, that in this action a plea was bad which put in issue any fact to which it was competent for the plaintiff to testify before the auditors, and the rule is the same since the law allowed parties to testify generally. It has been the invariable rule that no plea in bar is good in this action, which puts the merits of the plaintiff's account in issue, for the reason that such a plea would take the trial from auditors to a jury. *Matthews* v. *Tower*, 39 Vt. 433; *Smith* v. *Bradley*, 39 Vt. 366. Non-joinder of a party defendant, the statute of limitations, payment, accord and satisfaction, settlement or release, unless it be a release of the *action*, cannot be pleaded in bar, but may be used in defence before the audi-

tors. *Smith* v. *Bradley, supra; Delaware* v. *Staunton*, 8 Vt. 48. "The right to plead in bar is as limited as the right to defend before the auditors is extended," and this has ever been the rule in this State. This has in effect absolutely precluded the forming of an issue for a jury on the merits of plaintiff's account. This action has been found exceedingly useful and satisfactory in the adjustment of matters of book account, which from the multiplicity and variety of items often embraced in such accounts, are not proper matters for adjustment by a jury.

This form of action puts in issue the balance due on book account between the parties, of a similar nature and in the same right, and final judgment for damages is rendered against the party found to be in arrears, whether he be plaintiff or defendant. No plea in offset is necessary to entitle defendant to an allowance of his book account against the plaintiff. It has been argued that the plaintiff may maintain an action of assumpsit in any case where book account will lie, and that for this reason the actions are practically the same, and that as in assumpsit a party may have a jury trial on the merits, therefore he may have it in book account. But it is at once apparent that the actions are not substantially the same. If in such case the plaintiff brings his action of assumpsit to recover his charges on book against the defendant, it does not necessitate an allowance of the defendant's proper charges on book against the plaintiff, unless the defendant interposes a plea in offset, which he may do under the statute allowing such a plea; but unless he interposes it, the plaintiff. may recover the full amount of his proper charges against the defendant. A declaration in offset by a defendant is equivalent to an independent action by him.

There are instances where a plaintiff may bring either the common action of account or assumpsit, as he elects, yet no one will contend that for that reason, if he brings an action of account, the defendant would be entitled to a trial by jury

on the merits in such action.   1 Bac. Arb. (Bouvier's Ed.),
Account (D.).

In view of the "immemorial practice of proceeding to
trial without a jury," in this form of action, and the other
reasons which we have suggested in the course of this discus-
sion, we hold that, under the constitution of this State, a
party in an action of book account, is not entitled to a trial
by jury on the merits of the case.

*Judgment reversed and cause remanded.*