Town of Fletcher *v.* Elias Blair, Jr., Charles A. Scott and Ira S. Scott.

Where there is a joint action against several defendants, counting upon a promissory note, and all the defendants but one suffer a default, and that one takes a trial, the effect is to suspend judgment against the other defendants until the result of the trial is ascertained; and if the plaintiff obtain a verdict, he is then entitled to a joint judgment against all the defendants.

If the trial, in such case, is before a justice of the peace, and the defendant, who resists judgment, appeal, the effect is, to vacate the judgment rendered by the justice and remove the entire case to the county court; and if, upon trial, the jury find all the defendants liable upon the note, their verdict must be against all. It makes no difference, that the defence is made, in the county court, by but one defendant; he defends for all and in their name.

Where an action upon a promissory note is commenced before a justice of the peace and appealed to the county court, the plaintiff may, by the rules of court, file a new declaration; and he may file it in the form of a count for money had and received, and there will be no error in receiving, under such count, any evidence which would have been competent under a count declaring specially upon the note in suit.

Assumpsit upon a promissory note. The action was commenced before a justice of the peace, and the defendants Blair and Charles

Fletcher v. Blair et al.

A. Scott suffered judgment by default. The defendant Ira S. Scott appeared, and, after verdict and judgment had been rendered against him, appealed, and entered the action in the county court. There was no appearance in the county court for the other two defendants, unless the appearance for Ira S. Scott necessarily operated an appearance for them.

After the action had been entered in the county court, the plaintiff filed a new declaration, containing a special count upon the note in suit, and also a count for money had and received. The defendant moved the court to reject the latter count; but the motion was overruled. Ira S. Scott defended the suit upon the ground, that the note, as against him, was a forgery; and there was no evidence received in support of the count for money had and received, except such as related to the other count, and such as tended to prove that the consideration for the note was originally received in money by the three defendants.

The jury returned a verdict for the plaintiff, against all the defendants, upon the new count; and judgment was rendered thereon by the court. Exceptions by defendant.

*O. Stevens* and *M. Scott* for defendant.

1. But one of the defendants appealed from the judgment of the justice. Judgment was rendered by default as to the other two; from which there could be no appeal. As to Ira S. Scott judgment was rendered upon a verdict;—hence there were two distinct judgments rendered by the justice.

2. There was error in the decision of the county court, in receiving the count for money had and received,—a verdict and judgment being rendered upon it against all the defendants, when for two of them there was no appearance.

*Hubbell* and *Hunt* for plaintiff.

1. The appeal necessarily took the whole case into the county court; for no judgment could be rendered, or execution issue, against the two, who did not appear. *Scott* v. *Larkin*, 13 Vt. 112. In a joint action on contract the rule of law is, that judgment must be rendered against all, or none. 1 Chit. 44. *Shirreff* v. *Wilks*, 1

East 47. *Weall* v. *King*, 12 East 452. 19 Johns. 110. *Ex'rs of Livingston* v. *Tremper et al.*, 11 Johns 101. *Tom* v. *Goodrich et al.*, 2 Johns. 213. *Elmendorpp* v. *Tappan et al.*, 5 Johns. 175. *Burnham* v. *Webster*, 5 Mass. 270. *Wright* v. *Geer et al.*, 6 Vt. 151.

2. It is only necessary, before a justice of the peace, to declare generally, specifying the cause of action. In the county court the plaintiff may file a new declaration, in what form he pleases, on the same cause of action;—if on note, he may declare generally, specially, or both ways. *Keys* v. *Throop et al.*, 2 Aik. 276. *Way* v. *Wakefield*, 7 Vt. 223. *Blodgett* v. *Skinner*, 15 Vt. 716.

3. In a joint action the appearance of one defendant is necessarily the appearance of all,—as the judgment must be for or against all. *Shirreff* v. *Wilks et al.*, 1 East 47. *Scott* v. *Larkin*, 13 Vt. 112.

The opinion of the court was delivered by

Kellogg, J. This was a joint action against the defendants, counting upon a promissory note executed by them to the plaintiff. In such a suit there can be but one judgment. The effect of the trial by Ira S. Scott was, to suspend judgment against the other defendants, until the result of the trial was ascertained. The liability of Ira S. Scott being ascertained in the justice court, the plaintiff was entitled to a joint judgment against all the defendants; and the rendition of separate judgments against them would have been irregular. The legal effect of the appeal taken by Ira S. Scott was, to vacate the judgment rendered by the justice, and to remove the entire case into the county court. The case being in the county court, the parties were necessarily there. The plaintiff was entitled, by the rules of court, to file a new declaration for the same cause of action ; and it does not appear, that any evidence was offered under the general count, but such as tended to sustain the first count, and tended to prove, that the consideration for the note was money received of the plaintiff by all the defendants. The reception of the general count was a matter resting in the discretion of the county court; and inasmuch as it did not change the *form* of *action*, or introduce a *new cause* of action, and there being no evidence received under it, except such as tended to sustain the first count, there was no error in this part of the case.

Nor was there any irregularity in the verdict. If the jury found that all the defendants were *liable* upon the contract, their verdict should be against all, although the defence might have been conducted by one of them. He defended the suit in the name of and for all the defendants.

There was no error in the proceedings of the county court, and the judgment of that court is affirmed.