### WINSTED BANK *vs.* JULIUS L. ADAMS & trustee.

Permission given by the superior court to a trustee in foreign attachment to file additional answers responsive to allegations filed by the plaintiff under Gen. Sts. *c.* 142, § 11, after the examination of the trustee upon interrogatories had been closed and filed, is not subject to exceptions.

Answers so filed are conclusive, and if they fully deny the plaintiff's allegations there is no issue on such allegations to be tried and determined by the court or submitted to a jury under Gen. Sts. *c.* 142, § 12.

TRUSTEE PROCESS, returnable at October term 1865 of the superior court. The trustee made a general answer disclosing no goods, effects or credits of the defendant. The plaintiff thereupon examined him ; and, by his answers to the plaintiff's interrogatories, it appeared that he was the defendant's father, and that, in the autumn of 1861, being an indorser for the defendant for more than twenty thousand dollars, and hearing that the defendant was in financial trouble, he went to New York, where was the defendant's place of business, and remained there about ten days, receiving during that time a conveyance of the defendant's whole stock in trade. The examination being closed and filed, the plaintiff, at February term 1866, filed allegations of other facts not stated nor denied by the trustee, to the effect that the conveyance was fraudulent and void as against the defendant's creditors. At June term 1866 the trustee moved to file an additional answer denying the allegations of the plaintiff, and to have the same taken as a part of his previous answers and in amendment thereof. At October term 1866 *Rockwell,* J., granted this motion, and the plaintiff alleged exceptions. At February term 1867 the plaintiff filed a motion " that the questions of fact arising on the additional allegations filed by the plaintiff may be tried and determined by the court, or submitted to a jury in such manner as the court shall direct." At June term 1867 *Devens,* J., disallowed this motion, and ordered the discharge of the trustee. To this ruling upon his motion the plaintiff alleged exceptions, and also appealed from the order discharging the trustee.

*A. L. Soule,* for the plaintiff. Under Gen. Sts. *c.* 142, §§ 11, 12, the question whether the conveyance to the trustee was fraudulent and void as against the defendant's creditors was to be tried by the court or submitted to a jury, and the trial should have been had upon legal evidence. It was not open to the trustee to destroy the issue by an answer framed after the charge of fraud was made. Otherwise the statute authorizing the filing of allegations is rendered nugatory. The only case reported in which the statute provision is considered is *Collins* v. *Smith,* 12 Gray, 431 The amended answer there allowed set

forth only pure matters of fact. In the case at bar the allegations are of a legal result from a combination of facts. The trustee was permitted to conclude the plaintiff on a mixed question of law and fact. To admit the amended answer as conclusive of the truth of its contents leaves the plaintiff without remedy. He may resort to the action for wilful false swearing. But in that action his proof must be as strong as is required in an indictment for perjury. *Laughran* v. *Kelly,* 8 Cush. 199. If the principle of *Collins* v. *Smith* is broad enough to cover this case, the mischief of the doctrine is such as to call for a reconsideration of the questions involved.

*D. Aiken,* for the trustee.

HOAR, J. It was decided in *Collins* v. *Smith,* 12 Gray, 431, that it is competent for the court in which a trustee process is pending, at any stage of the proceedings before ultimate judgment, to receive a new and additional answer upon the trustee's own motion, without a new interrogatory from the other party; and that justice requires that this should be done, when, through inadvertence or misapprehension, material facts have been wholly omitted in previous statements. It was further held in that case that such additional answer might be received, after the plaintiff had filed allegations of facts, concerning which there had been neither statement or denial by the supposed trustee; and that the new answer would be equally conclusive in favor of the trustee with any previous answer made by him.

We think that case is decisive of this. The permission given to the trustee to file an additional answer, being a matter of discretion with the superior court, is not the subject of exceptions. The statements of fact in the answer are conclusive in favor of the trustee, although made after the allegations of the plaintiffs were filed; and they make those allegations inoperative. The hardship of which the plaintiffs complain, that they should be concluded by the positive averment of the trustee in a case in which so many circumstances indicate fraud, results from the very nature of the process which they are pursuing. If they believe the transfer of property from the principal defendant to the trustee was fraudulent and void against creditors, they might

have proceeded against the property, and tried the question by the ordinary modes of proof. But they chose to put their case upon a discovery sought from the supposed fraudulent vendee, and must take the consequence.

*Exceptions overruled and trustee discharged.*