JOSHUA B. CARDANY *vs.* NEW ENGLAND FURNITURE COMPANY & trustee.

When it is sought to charge a trustee in foreign attachment on his answer, the natural import of the language of the answer must control; he is to be charged or not, according as the evidence afforded by the whole answer preponderates; and it is for the plaintiff to prove his allegations, not for the trustee to disprove them.

A debtor assigned property to two persons for the benefit of his creditors; all the creditors signed the assignment; the assignees accepted the trust; and the property was insufficient for the payment of the debts. *Held*, that one of the assignees was not liable to be summoned as trustee in a suit by one of the creditors against the debtor.

TRUSTEE PROCESS. Joseph H. Bragdon, summoned as trustee of the defendants, answered, and filed answers to interrogatories

put by the plaintiff. The superior court ordered the trustee to be discharged, and the plaintiff appealed. The facts are stated in the opinion.

*T. Carleton,* for the plaintiff.

*H. N. Sheldon, (J. B. Goodrich* with him,) for the trustee.

COLT, J. The question of the trustee's liability in this case is to be decided wholly by the facts disclosed in his answer. Neither the plaintiff nor the defendants, in the suit in which it is sought to charge him, allege or seek to prove any fact, not stated or denied, which is material to the decision of the question. Gen. Sts. c. 142, § 11. In arriving at the facts, the plain and natural import of the language of the answer, taken together, must control, and the trustee is to be charged or not, according as the evidence afforded by the whole answer preponderates. There is no presumption in advance, that the alleged trustee has the goods, effects or credits of the principal defendant in his possession, from which he must relieve himself by his answer. It is for the plaintiff to prove his allegation, not for the trustee to disprove it. *Porter* v. *Stevens,* 9 Cush. 530. *Lane* v. *Felt,* 7 Gray, 491.

In the opinion of the court, the trustee fairly discloses in his answer, that the property, claimed to be goods, effects and credits of the principal defendants in his hands, was transferred to him and another jointly, by an assignment made in the usual form, for the benefit of the defendants' creditors, and in satisfaction of their several claims ; that this instrument was executed by all who were in fact creditors, including the plaintiff, and all its conditions were performed ; that they accepted the trust, and are proceeding in the settlement of it ; and that the property assigned is not sufficient for the payment of the debts so secured. Upon these facts, the trustee must be discharged.

The assignment under which the trustee claims, even if liable to be avoided by proceedings in insolvency or bankruptcy, is binding upon the parties to it until so avoided, and cannot be repudiated by the plaintiff in this proceeding. *Edwards* v. *Mitchell,* 1 Gray, 239. *Trustee discharged.*