JOHN C. DOW *v.* JOHN K. BATCHELDER AND TRUSTEE, AND WILLIAM LANGMAID, CLAIMANT.

*Effect of appeal in trustee cases. Discontinuance by death of the defendant.*

In trustee suits, commenced before a justice of the peace, an appeal, whether by one of the principal parties, or only by the trustee or claimant, brings the whole case into the county court as to all the parties.

A trustee suit commenced before a justice of the peace, wherein judgment was rendered against the principal defendant and trustee, was appealed by the claimant only, and continued at the first term, without an affirmance of judgment against the principal defendant. The principal defendant died before the next term, and administration was granted upon his estate, and commissioners appointed. *Held*, that the suit was discontinued by the death of the defendant.

BOOK ACCOUNT, originally commenced before a justice of the peace. Judgment against the principal defendant and trustee, and appeal by the claimant only. The appeal was entered at the December term, 1871, and the cause continued to the next term, without an affirmance of the judgment against the principal defendant. The principal defendant deceased before the next term; and at that term, on motion of the claimant, and upon proof of the grant of administration and the appointment of commissioners on the estate of the defendant, the court, Ross, J., presiding, ordered the suit discontinued by death of the defendant. Exceptions by the plaintiff.

*Bliss N. Davis,* for the plaintiff.

*Burkes,* for the claimant.

The opinion of the court was delivered by

PECK, J. In a trustee suit commenced before a justice of the peace, an appeal, whether by one of the principal parties, or only by the trustee or claimant, brings the whole case into the county court as to all the parties. Where the appeal is by either of the principal parties, and no appeal by the trustee or claimant, the case is open for trial in the county court, not only as between the

plaintiff and defendant, but also as to the trustee and claimant. Even where the plaintiff only appeals, and in his appeal claims to limit his appeal to the decision of the justice as to the liability of the trustee, the defendant is not bound by the judgment of the justice against him, but is entitled to a trial in the county court, and to have the whole case treated as open. *Bryant* v. *Pember & Tr.* 43 Vt. 599.

Where the appeal is only by the trustee or claimant, the statute provides that the judgment of the justice against the defendant shall be affirmed by the county court without costs. This provision of the statute shows that in such appeal the whole case is brought up, and that in order to hold the trustee chargeable and have a judgment against him, there must be a judgment rendered by the county court against the principal defendant. No judgment can be rendered against a party who has deceased pending the suit. In such case, the party deceased is no longer in court, or a party in the action; and even if the cause of action is such as survives, still, no judgment can be rendered after the decease of the defendant, till the executor or administrator of the deceased party appears in the cause to represent him, or until such executor or administrator has been by order of court duly cited to appear, and has made default. But whether the executor or administrator has been cited in or not, if commissioners have been appointed on the estate of the deceased defendant, the suit, by the express provision of the statute, must be discontinued and the case go before the commissioners. The few exceptions in the statute, of certain forms of action that cannot be tried by the commissioners, have no application to the case at bar. It is claimed by plaintiff's counsel that the affirmance of the judgment against the principal defendant, in cases like the present, is but matter of form, and that the statute referred to requiring the discontinuance of cases by death, does not apply to such appeals. *Shelden* v. *Shelden & Trustee, & Claimant,* 37 Vt. 153, was an action of general assumpsit for the recovery of a promissory note only, executed by the defendant to the plaintiff (although no specification had been filed), in which suit a trustee was summoned at the first term of the county court; a default was entered against

the defendant, a claimant entered, and a commissioner was appointed as provided by statute, to take disclosure of trustee and report as to his liability. A hearing was had before the commissioner, and afterwards, and before the next term of the court, the defendant died, and commissioners were appointed on his estate. It was decided that the plaintiff could not proceed further in the suit, and that the county court, on motion of the claimant, properly ordered the suit discontinued by death of defendant. It is true, a default, as in the case referred to, does not cut the defendant off from a right to a hearing in damages ; while in the case at bar, but for the death of the defendant, *prima facia*, the judgment should have been affirmed against the defendant. But in such cases, something may transpire between the date of the justice judgment and the term of the court at which the plaintiff claims an affirmance of the judgment, that would bar him of the right to an affirmance of the judgment. In the intervening time the defendant may pay the judgment agreeably to the statute, or some other defense may accrue, of which the defendant might avail himself. It would therefore be hazardous to render judgment against a defendant after his decease, with no representative of the deceased in court. Such judgment would be erroneous, and liable to be reversed at common law, on writ of error for error of fact. The fact that no judgment in this case could be legally rendered without the representative of the defendant being made a party, shows that the suit was pending at the death of the defendant, within the meaning of the statute requiring pending suits to be discontinued by death of defendant and appointment of commissioners. The case differs from a case pending in the supreme court on exceptions to the decision of the county court, at the time of the death of a party ; because exceptions are in the nature of a writ of error, and do not vacate the judgment of the court below, and may be heard after the administrator or executor has been cited in.

Judgment affirmed.