SAMUEL TRYON *vs.* OTIS C. MERRILL.

Suffolk.   November 13. — 14, 1874.   WELLS & DEVENS, JJ., absent.

In *scire facias* against a trustee, his answers, in the absence of any allegation of fact
not stated or denied by him, are to be taken as true, and the questions arising
thereon are to be decided by the court.

The submission to the jury of an issue which ought to be decided by the judge does
not enable the Superior Court to refer questions of law to this court by report
under the Gen. Sts. *c.* 115, § 6.

SCIRE FACIAS on a judgment against one Chamberlin and the
defendant as trustee.

At the trial in the Superior Court, before *Dewey*, J., the de-
fendant contended upon his answers that he was not liable as
trustee.   The judge ordered a verdict for the defendant, and re-
ported the questions of law for the determination of this court.

*T. S. Dame*, for the plaintiff.

*W. Hobson*, for the defendant.

GRAY, C. J.   No allegation of facts not stated or denied by
the trustee having been filed, his answers to the *scire facias*, like
the answers of a trustee in the original suit, were to be considered
as true, the questions arising thereon were to be decided by the
court, and there was no issue which could lawfully be submitted
to a jury.   Gen. Sts. *c.* 142, §§ 11, 12, 42.   *Thompson* v. *Lowell
Machine Shop*, 4 Cush. 431.   *Winsted Bank* v. *Adams*, 97 Mass.
110.   *Cardany* v. *New England Furniture Co.* 107 Mass. 116.
*Fay* v. *Sears*, 111 Mass. 154.

There was therefore nothing in the case which could be brought
to this court by report.   *Bearce* v. *Bowker*, 115 Mass. 129.   *Com-
monwealth* v. *Dowdican's Bail*, Ib. 133.   *Hubner* v. *Hoffmann*,
106 Mass. 346.   The submission to the jury of an issue which
was by law triable by the court only could not enable the court
below to refer questions of law to this court in a mode limited
by the statutes to cases triable by a jury.   *Haas* v. *Harrington*,
*ante*, 135.                                    *Report dismissed.*