## JOHN FREEMAN *v.* HERMON HOLT, Admr.

### [In Chancery.]

*Settlement of Estates. Executor. Contract. Presentation of Claims to Commissioners..*

F. and partner had a claim against the estate of S., which they presented to commissioners for allowance. The executor exhibited a claim in offset. When the commissioners met for the last time, certain portions of those claims had not been fully ascertained, and F. and partner, at the request of the executor, and on his promise to adjust and pay the balance due them, withdrew their claim from the consideration of the commissioners, who thereupon made their report to the Probate Court. The executor adjusted those claims with F. and partner according to his promise, and gave them his note, as executor, for the balance agreed on; and a portion of that sum was afterwards paid by transfer of certain realty belonging to the estate. The executor died, and his estate was settled, and H. was appointed administrator *de bonis non* of the estate of S. That estate remained unsettled, and no dividend was declared among its creditors. F's partner having died, F. filed a bill against H. to compel payment of the balance due on said note, or the placing of his claim on the list of the claims allowed by the commissioners. *Held,* that the executor had no authority so to bind the estate, and that the claim, having been voluntarily withdrawn from the consideration of the commissioners, was barred, and the estate discharged from its payment.

*Held,* also, that there was no fraud, accident, or mistake of fact, to entitle the orator to relief.

Appeal from the Court of Chancery.

The bill, the material allegations of which appear from the opinion of the court, was brought to compel the defendant, as administrator *de bonis non* of the estate of David H. Sumner, deceased, to pay the sum due on a note given by Benjamin H. Steele, deceased, executor of said Sumner's will, in settlement of a claim against the estate of said Sumner, or to procure said claim to be placed on the list of claims allowed by the commissioners for the allowance of claims against said estate. The defendant demurred; and the cause was heard on bill and demurrer at the May Term, 1878, when the court, Barrett, Chancellor, dismissed the bill.

Appeal by the orator.

*W. C. French,* for the orator.

The bill is mainly based on the assumption of the continued liability of Sumner's estate for the debt and the want of remedy at law to enforce it.    It is settled that a promise by an executor, in his representative capacity, to pay a debt that existed against the testator, can be enforced only against the estate he represents. Actions on such promises at common law are frequent, and the judgment *de bonis testatoris.*    3 Redf. Wills, 313, 314 ; *Dowse* v. *Cox,* 3 Bing. 20 ;   *Powell* v. *Graham,* 7 Taunt. 580 ;   *Ashby* v. *Ashby,* 7 B. & C. 444.    The executor is personally liable for debts contracted by him in his representative capacity in the management of the estate.    The distinction is between debts contracted by the testator that the executor promises to pay, and debts contracted by the executor in his representative capacity. 3 Redf. Wills, 315.

It would seem that at common law there could be no doubt as to the liability of the estate.    Is there anything in our statute or practice that should release the estate ?    The statute provides that a creditor who shall not " exhibit his claim to commissioners " shall be barred.    Gen. Sts. c. 53, s. 14.    The same provision existed as to insolvent estates under the statutes of 1797 and 1821.    Tolman Sts. c. 8, ss. 82, 83 ;  Slade Sts. c. 44, s. 91. Here the statute was complied with, as the claim was exhibited to the commissioners, and, therefore, is not barred.    The statute prohibits the commencement and prosecution of all suits against executors and administrators after the appointment of the commissioners, except ejectment and replevin.    Gen. Sts. c. 52, s. 25 ; c. 53, ss. 15, 16.    Similar provisions existed in the statutes of 1797 and 1821.    Tolman Sts. c. 87, s. 86 ; Slade Sts. c. 44, s. 97.    See *Willard* v. *Brewster,* Brayt. 104.

The assets of the estate only being liable for the payment of the note, and Steele not being personally liable thereon, and the creditor having no way at law to enforce his claim against the estate, is compelled to resort to chancery.    The Court of Chancery has jurisdiction in aid of the Probate Court in the settlement of estates, where the functions and powers of the Probate Court are inadequate to the purposes of perfect justice.    *Adams* v. *Adams,*

22 Vt. 50 ; *Boyden* v. *Ward*, 38 Vt. 628 ; *Morse* v. *Slason*, 13 Vt. 296.

If the court should be of opinion that the note as such cannot be sustained against the estate, then the plaintiff should have a decree that his original claim against Sumner shall stand against his estate equally with the other claims allowed by the commissioners. The plaintiff's claim is not barred by his failure to present it to the commissioners. *McCollum* v. *Hinckley*, 9 Vt. 143 ; *Burgess* v. *Gates*, 20 Vt. 326. His consenting to withdraw his claims from the commissioners, should not be held to prejudice his rights. See *Dickey* v. *Corliss*, 41 Vt. 127. If the court should think that the estate is not holden, then it should grant relief on the ground of mutual mistake. *Hadlock* v. *Williams*, 10 Vt. 570 ; 1 Story Eq. Jurisp. s. 117. Ignorance of law is not ordinarily a ground of equity relief, but when mixed with undue confidence, or undue influence, it is. 1 Story Eq. Jurisp. s. 120 ; *Woodbury Savings Bank* v. *Charter Oak Ins. Co.* 31 Conn. 517 ; *Jordan* v. *Stevens*, 51 Me. 78 ; *Cooke* v. *Nathan*, 10 Barb. 344 ; *Stedwell* v. *Anderson*, 21 Conn. 139.

The defendant, *pro se.*

The opinion of the court was delivered by

Ross, J. The material facts confessed by the demurrer are, that the orator and his brother, since deceased, as partners, had a claim against the estate of David H. Sumner, of which the late B. H. Steele was executor ; that they presented it to the commissioners for allowance, and the estate presented a counter claim ; that some portions of the claims which rested in account had not been fully and definitely ascertained at the time of the last session of the commissioners, and, that the return of their report to the Probate Court might not be delayed, at the request of the executor and on his promise to adjust with them the balance due on their claim and to pay the same, they withdrew their claim from the commissioners, who thereupon made their report to the Probate Court ; that subsequently they adjusted the claim with the executor, and he gave his note as such executor for the balance

thus agreed upon, a part of which had been paid by the trans-
fer of some real estate belonging to said estate; that the estate
remains unsettled, and no dividends have been declared by the
Probate Court to the creditors, and that Steele's estate has been
fully settled. On these facts the orator asks the Court of Chan-
cery to decree that the present administrator *de bonis non* shall
pay the amount due on said Steele's note, or on their claim, out
of the assets of the estate, or that their claim be placed on the
list of claims on file in the Probate Court, allowed by the com-
missioners. The orator does not claim that he was induced to
withdraw the claim from the consideration of the commissioners
through any fraud, deception, or misconduct of the executor. The
only inducement or consideration alleged for the withdrawal of
the claim is the promise of the executor to adjust with them the
balance due, and to pay the same.

I. Did this promise of the executor bind the estate ? It is en-
tirely clear that it did not. The estate was represented as insol-
vent. By the provisions of the statute, in such cases all claims
against the estate not presented to and allowed by the commis-
sioners — with certain exceptions in which the orator's claim is not
included — are absolutely barred. The claims thus allowed and
returned to the Probate Court form the basis for the distribution
of the estate. The executor or administrator has no authority or
right to adjust or allow any claim against such estates, nor to
waive the operation by the statute bar. To allow him any such
right or authority, would throw the settlement of such estates in-
to the greatest confusion and uncertainty. The Probate Court
would never have any certain basis on which to make distribu-
tion of the estate. The statute bar is interposed, not in the
interest and for the protection of the executor or administrator,
but in the interest and for the protection of such creditors as have
legally proved their claims, and of others who are pecuniarily in-
terested in the settlement and distribution of the estate, as well
as for expedition and certainty in arriving at a final settlement of
the estate. The authority cited by the orator, 3 Redf. Wills, 313,
314, is not in conflict with this view. It is there said : " But the

later cases establish the point beyond question, that where the suit is based upon a contract or promise merely *as executor or administrator*, if within his authority as such, the judgment will be only *de bonis testatoris*, and not *de bonis propriis*." The important qualification, "*if within his authority as such*," seems to have been overlooked or not heeded by the solicitor for the orator. No doubt if the executor had authority to bind the estate by his contract or promise, the judgment should and would be against the property of the estate, and not against the property of the executor. The cases cited in support of this doctrine are cases where the executor, as such, had authority to bind the estate by his contract or promise. Hence the authorities cited by the orator's solicitor do not support the prayer that the defendant may be decreed to pay the balance of the orator's claim out of the assets of the estate. If they did authorize such a decree, the facts stated in the bill are insufficient to found such a decree upon. The bill contains no allegation that the administrator has sufficient assets belonging to the estate to pay all the creditors in full or even to the extent that the orator has already been paid. But as the bill could be amended in this respect, we place the decision on this point upon the want of authority in the executor to bind the estate by his promise or note, and that by reason thereof and by reason of the voluntary withdrawal of the claim from the consideration of the commissioners, the claim has become barred, and the estate discharged from its payment.

II. The facts conceded by the demurrer do not show that the orator has been placed in this position by any fraud, accident, or mistake of fact, but rather by his own voluntary act. He obtained, and has received for the withdrawal of the claim from the consideration of the commissioners, just what he bargained for, the promise of the executor that he would adjust the claims with them, and pay the balance found due. That they were mistaken in regard to the binding effect of the executor's promise upon the estate, is wholly a mistake of law, against which equity will not relieve the orator. *McDaniels* v. *Bank of Rutland*, 29 Vt. 231. The orator and his brother were bound to know the law. It was

negligence that they did not inform themselves fully in regard to the legal effect of their act. Equity does not relieve a party from the effect of his own mere negligence. It is not pertinent to inquire here whether the executor bound himself personally to perform his promise. It is true, " the Court of Chancery has jurisdiction in aid of the Probate Court in the settlement of estates, where the functions and power of the Probate Court are inadequate to the purposes of perfect justice." " The functions and power of the Probate Court " were ample and effectual to have rendered the orator " perfect justice," but he voluntarily surrendered and bartered them away for the promise of the executor. That the bargain has proved unprofitable, and has failed to realize the expectations of the orator, furnishes no ground for the interposition of the Court of Chancery in his behalf. The case is not analogous to the case of *Dickey* v. *Corliss*, 41 Vt. 127. In that case the orator had duly presented his claim to the commissioners, and had done all in regard to obtaining its allowance which devolved upon a reasonably prudent man to do, but it failed to appear upon the list of allowed claims through the neglect or inadvertence of the commissioners. It was clearly a case of mistake or inadvertence of the commissioners, and not of the neglect of the orator. Where the mistake is partly of law and partly of fact, or where the mistake has been induced by the fraud or misconduct of the other party, equity will usually relieve the orator; but where the orator has obtained just what he bargained for, without the intervention of any fraud or misconduct of the other party, and the orator is suffering solely from the legal consequences of his own voluntary act, we know of no rule nor principle of equity law, and have not been cited to any, which will relieve him from such consequences.

The decree of the Court of Chancery dismissing the bill is affirmed, and the cause remanded.