WINSLOW W. GUPTILL & another *vs.* JOHN L. AYER.

Suffolk.   January 24, 1889. — March 5, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Trustee Process — Executor of Trustee — Scire Facias.*

The executor of a person summoned as trustee in a trustee process represented
the estate to be insolvent, and the Probate Court, after commissioners duly
appointed to receive and examine claims had filed their report, issued an order
for the distribution of the estate among the creditors proving their claims, and
the executor duly made distribution. The plaintiff in the trustee process did
not present any claim to the commissioners, but, after such distribution, took
judgment against the principal defendant, and the testator was charged as trus-
tee. The executor had no notice of the trustee process or of the claim until
after a writ of *scire facias* was issued to charge him as trustee. *Held,* that the
*scire facias* could not be maintained.

SCIRE FACIAS to charge as trustee the executor of the will
of Joseph Kelley, who was summoned as trustee of Henry H.
Packer in an action brought by the plaintiffs against Packer.
Writ dated January 26, 1888.   The answer was as follows:

"1.  *Nul tiel record.*

"2.  The defendant says that, as executor of the estate of said
Kelley, he gave, in June, 1884, a bond for the faithful discharge
of his trust; that this suit was not commenced within two years
from the time of the giving of said bond, as required by Pub.
Sts. c. 136, § 9; that therefore said defendant cannot be held to
answer to plaintiffs' suit.

"3.  The defendant further says, that said Kelley died June 2,
1884, after said original suit was begun, but before said trustee
was charged, and before judgment in said suit was rendered;
that letters testamentary were granted to said executor on June
23, 1884; that the estate of said Kelley was found to be insol-
vent, wherefore, on June 9, 1885, said executor represented to
the judge of probate for the county of Suffolk the condition of
said estate; that on June 15, 1885, a commission of insolvency
issued to certain commissioners to receive and examine all
claims against the estate of said Kelley, and to report thereon,
all of which appears of record in the Probate Court for the
county of Suffolk; that said commissioners gave due notice of

said commission, and received and examined all claims presented to them ; that the plaintiffs did not so present their claim within six months after the appointment of said commissioners, as required by Pub. Sts. c. 137, §§ 9, 10 ; that no notice of any sort of this claim was ever given to said court or to said executor other than that given by this writ of *scire facias ;* that on April 19, 1886, an order for distribution of said estate issued from said court, and a distribution made immediately by said executor, as therein directed, wherefore the said defendant cannot be held to answer to said suit.

" 4. The defendant further says, that by virtue of Pub. Sts. c. 137, § 31, this suit cannot be maintained, it being brought after the representation of insolvency of said estate, and being for a demand in no way entitled to preference, and not being one that would not be affected by the insolvency of said estate, and the assets of said estate not proving sufficient to pay all claims allowed by said commissioners.

" John L. Ayer, executor, by his attorney, Fred. A. P. Fiske."

The plaintiffs demurred to the answer, and assigned for cause of demurrer, " that said answer, and each and every section thereof, and each and every defence therein attempted to be set up in manner and form as averred, is insufficient in law for the defendant to maintain any defence to the plaintiffs' writ."

The Superior Court sustained the demurrer ; and the defendant appealed to this court.   The facts appear in the opinion.

*F. A. P. Fiske*, for the defendant.

*W. S. Rogers*, for the plaintiffs.

MORTON, C. J.   This case comes before us in an unusual manner.   Our statutes contemplate that, in *scire facias* under the trustee process, the trustee shall answer under oath, and not by attorney ; and his answers are to be taken as true, and if it appears from these that he has not in his hands any goods, effects, or credits of the principal defendant for which he is chargeable as trustee, he is entitled to judgment upon the *scire facias.*   Pub. Sts. c. 183, § 53.   *Fay* v. *Sears*, 111 Mass. 154. *Tryon* v. *Merrill*, 116 Mass. 299.   *First National Bank of Clinton* v. *Bright*, 126 Mass. 535.

But as both parties desire to waive any questions of form, we have considered the case upon its merits.   The material facts

are as follows. The plaintiffs in 1884 brought a suit against one Packer, in which one Kelley was summoned as trustee. Soon after the suit was brought, Kelley died, and the defendant was appointed executor under his will; the estate was found to be insufficient to pay all the debts, and in June, 1885, said executor represented the estate to be insolvent; thereupon commissioners to receive and examine claims were duly appointed, who returned their report into the Probate Court, and on April 19, 1886, the court issued an order for the distribution of the estate among the creditors who had proved their claims, and the executor made distribution according to the decree. The plaintiffs did not present any claim to the commissioners, but in October, 1887, they took judgment against Packer in the original suit, and the said Kelley was charged as trustee under the Pub. Sts. c. 183, § 57. The defendant had no notice of the plaintiffs' suit or claim until this writ of *scire facias* was issued.

The plaintiffs claim that they can maintain this suit under § 58 of the same chapter, which provides that, "if in the case last mentioned the executor or administrator does not voluntarily pay the amount in his hands, the plaintiff may proceed against him by a writ of *scire facias* as if the judgment in the first suit had been against him as trustee." This section must be construed in its connection with the other provisions of the same statute. Section 61 provides that, "when an executor or administrator is adjudged a trustee by reason of goods, effects, or credits in his hands or possession merely as such executor or administrator, whether in a suit originally commenced against him as trustee, or against the deceased testator or intestate, and whether the judgment is in the original suit or on a writ of *scire facias*, the execution shall not be served on his own goods or estate, nor on his person, but he shall be liable for the amount in his hands in like manner and to the same extent only as he would have been liable to the defendant if there had been no trustee process." This is in accordance with the general policy of our laws relating to the trustee process, which intend to give to the attaching creditor only the rights which the defendant has, and not to enlarge the liability of the alleged trustee.

It is clear that, upon the facts of this case, the original defendant Packer has no claim against the defendant which he can

enforce.   His only remedy was to prove his debt before the commissioners, and take his dividend.   The defendant has not in his hands any amount for which he is liable to the defendant Packer.   He has distributed under a decree of the Probate Court all the estate of his testator.   It follows that he cannot be charged as trustee in this suit.   *Patterson* v. *Patten*, 15 Mass. 473.   It has been held that, where a person charged as trustee becomes insolvent and is discharged, neither he nor his assignee can be held as trustee either in the original suit or upon *scire facias*.   *Pingree* v. *Hudson River Ins. Co.* 10 Gray, 170.   *Hulbert* v. *Branning*, 15 Gray, 534.   Similar reasons apply in the case where the estate of a deceased trustee is declared insolvent. -

The remedy of the plaintiffs, if any, was to present the claim of the original defendant to the commissioners, and thus, perhaps, by virtue of the lien acquired by their attachment, they might hold the amount of the dividend payable to him, but having neglected to do this, the trustee suit must fail.   *Rollins* v. *Robinson*, 35 N. H. 381, 382.

*Demurrer overruled, and judgment for defendant.*