# H. B. BUNDY *v.* BRUCE AND MALLORY. S. A. FIFE *v.* SAME. L. A. GALE *v.* SAME.

*Appeal. Partnership. Declarations of partner. Statute of Frauds.*

1. An appeal from the judgment of a justice of the peace brings the case *de novo* before the County Court.

2. The declarations of one partner are not admissible to establish a partnership as against another who denies it.

3. B. acted as the agent of M. Plaintiff made charges to them jointly in consequence of M.'s instructions, who afterwards knew of transactions and ratified them. *Held,* that M. could not object that defendants ought not to be sued jointly.

4. Such subsequent ratification is not a promise to pay the debt of another and not within the Statute of Frauds.

Of these three cases the first and third came by appeal from the judgment of a justice of the peace into the County Court. The second was originally brought to the County Court. They were all actions in general assumpsit brought against the defendants as partners; were all referred to the same referee, and were all heard upon the report of such referee and exceptions of defendant Mallory thereto, at the December Term, 1887.

Judgment for the plaintiffs; exceptions by defendant Mallory.

The question raised will sufficiently appear from the facts in the first case.

The plaintiff's account was for supplies furnished the defendant Bruce in the business of getting out poplar wood, which the defendant Mallory had and sold. The plaintiff claimed that the defendants were co-partners in this business, which the defendant Mallory denied. The defendant Bruce did not appear and was not improved as a witness either before the justice or the referee and judgment was rendered against him by default. As to the liability of Mallory the referee reported as follows:

"Plaintiff's testimony as to partnership was what defendant Bruce had told plaintiff and told others. I find from the testimony and papers produced that defendant Bruce was not a partner, in fact, with defendant Mallory.

"Defendant Bruce seemed to be an agent of defendant Mallory's and was sent to Wolcott to have a general oversight of the defendant Mallory's business and managed and controlled it generally, as defendant lived in East Montpelier, Vt., and did but little in regard to said poplar wood business, which was what said Bruce was getting out for said Mallory and said Mallory was disposing of same to paper makers. I find that defendant Mallory did not hold himself out as a partner with defendant Bruce and when he found, as he did, that Bruce had so represented he repudiated that relation except in those cases where he consented to be holden with said Bruce. I find that Bruce was not responsible and was doing jobs of cutting and getting out poplar lumber for Mallory and that his property was mostly in Mallory's hands by a personal property mortgage, and that to carry on his work he had to have help from Mallory.

"I find plaintiff had a talk with defendant Mallory before the plaintiff's account began at the time defendant Mallory paid a bill to plaintiff for defendant Bruce of about $30. The plaintiff and defendant Mallory disagreed as to what was said at that time. Plaintiff claims defendant Mallory told him to deliver Bruce meal and other stuff out of his mill on his order, and that he, the defendant Mallory, would be holden for it, and plaintiff is supported in his claim by one E. N. Dunbar, who worked in plaintiff's mill while said account was accruing and was present when the conversation took place. Defendant Mallory claims that he never said to plaintiff to deliver Bruce goods or on his order and that he would pay for them, and never gave Bruce authority to borrow money of plaintiff. Plaintiff produced one E. L. Ainsworth, who testified that he saw defendant Mallory at East Montpelier in October, 1876, and that Mallory told him he told plaintiff Bundy to let Bruce have meal and stuff out of his

Bundy, Fife and Gale *v.* Bruce and Mallory.

mill and he would see it paid. It appeared plaintiff dunned defendant Mallory for the pay for stuff furnished out of his mill to defendant Bruce and two letters are presented in evidence written by defendant Mallory to plaintiff. Said letters are attached to this report and made a part of same. I find that all that was paid was paid by defendant Mallory, his checks, as the credits show.

" From all the evidence in the case I find that defendant Mallory did agree to be holden for the meal and stuff furnished by plaintiff to defendant Bruce, being mostly meal furnished Bruce, or on his orders, to feed teams with that were at work on the poplar jobs, and that said agreement was made before the plaintiff's account began."

*John G. Wing,* for defendant Mallory.

The case finds that the defendants were not partners and that credit was not given to them jointly; therefore a judgment cannot be entered against them jointly.

The goods were delivered to Bruce and charged to him upon Mallory's agreement to see them paid for. That agreement was within the Statute of Frauds. *Cole* v. *Shurtleff,* 41 Vt. 311; *Anderson* v. *Davis,* 9 Vt. 136; *Fullam* v. *Adams,* 37 Vt. 391; *Sinclair* v. *Richardson,* 12 Vt. 33; Roberts' Digest, 336, cases cited.

*P. K. Gleed,* for the plaintiff.

The plaintiff delivered these goods under a contract with Mallory. When Mallory learned that the credit of Bruce and Mallory had been pledged for their payment he ratified that act.

The opinion of the court was delivered by

ROYCE, CH. J. These three cases all involve the same questions, and will therefore be considered together.

The first and third were brought before a justice; in both defendant Bruce defaulted and judgments were rendered upon

hearing against defendant Mallory, from which he appealed and took the cases to County Court. The appeal by him had the effect to vacate the justice judgment and to bring the cases entire and *de novo* before the County Court. *Fletcher* v. *Blair, et als.,* 20 Vt. 124.

So that in this respect they stand on the same footing as case number two, which was brought originally in the County Court. Judgments were there rendered in all three cases against defendant Bruce by default; they were referred and tried by the referee as between plaintiffs and defendant Mallory; judgments were rendered on the reports in favor of plaintiffs for the sums claimed and the cases come here on exceptions to the reports.

At the hearing before the referee claim was made by the plaintiff that defendants were co-partners, and declarations of Bruce made to the plaintiffs were admitted in evidence as tending to establish this fact. Such declarations, while they might have been admissible as against Bruce himself, were clearly not so as against Mallory, and to admit them was error. *Cottrill* v. *Vanduzen,* 22 Vt. 511; *Noyes* v. *Cushman,* 25 Vt. 390. But the error proved to be harmless, for the referee finds that defendants were not partners, and it does not appear that the evidence was offered or considered for any other purpose.

Other evidence in the three cases, to which no objection was taken, bears upon defendants' relations to each other. It was shown that Mallory resided at East Montpelier, and that Bruce was sent to Wolcott to have a general oversight of Mallory's business there; that he controlled and managed it generally while Mallory himself had but little to do with it; also that Bruce was not responsible and that what property he had was chattel mortgaged to Mallory; and in all three cases it is found that in consequence of directions received from Bruce, plaintiffs' charges were made to Bruce and Mallory; that in each case this was subsequently brought to the attention of Mallory and was ratified by him; so that although not a general partner with Bruce, he yet assented to being held jointly responsible with the latter on this account.

Bundy, Fife and Gale *v.* Bruce and Mallory.

The findings referred to above were sufficient to support the judgments rendered below.

We are not called upon to speculate as to what the result might have been, if Bruce had chosen to appear and defend on the ground that the relation between himself and Mallory was that of principal and agent, that the charges would have been made to Mallory alone, and that by ratifying his acts the latter rendered himself solely responsible as a principal.

This defense, which might have been urged in behalf of Bruce, is not available to Mallory until he shows that his rights are in some way prejudiced.

Nor is the statute of frauds available to him. These contracts are not promises to pay the debt of another, but original undertakings assumed on the part of defendant Mallory by adoption and ratification of the acts of his joint contractor.

*The result is, that judgments in all three cases are affirmed.*