HURLBURT BROTHERS *v.* HERBERT HINDE AND CORNELIA A.
DIXON, EXECUTRIX OF TRUSTEE.

Special Term at Brattleboro, February, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 8, 1913.

*Justices of the Peace—Trustee Process—Appeal by Trustee—
Effect—Disclosure by Trustee—Sufficiency—Liability of
Executor as Trustee—Report of Commissioner—Conclu-
siveness—Probate Court—Exclusive Jurisdiction—Settle-
ment of Decedent's Estate—Barring of Claims.*

In a suit begun by trustee process, an appeal by the trustee from a
judgment of a justice of the peace against the principal defend-
ant and the trustee brings the whole case into the county court,
and, when entered therein, vacates that judgment as against both
the principal defendant and the trustee.

In a suit begun by trustee process, where the trustee died and his
executrix was cited to appear, in accordance with P. S. 1732, and
her disclosure, alleging that she had not at the time of the cita-
tion on her, nor had the estate of the deceased trustee, any goods,
rights, or credits belonging to the defendant, was as broad as the
citation, a judgment could not be rendered against her because
the period covered by her disclosure did not extend to the time
of the service of the writ on the trustee.

The written disclosure of the trustee, duly filed in a suit begun by
trustee process, is only evidence on the hearing before the com-
missioner appointed to try the issue as to the liability of the
trustee, and the legal rights of the parties, so far as they depend
on facts affecting the liability of the trustee, must be determined
solely by the report of the commissioner.

The jurisdiction of the probate court over the settlement of decedents'
estates is exclusive and complete, and neither common law nor
equity courts interfere therein, except in special instances in aid
of the probate court.

Under P. S. 2820, 2821, 2824, providing that all claims of an absolute
or legal nature against a decedent must, within the time limited,

be presented before the commissioners on his estate for allowance, or they are barred, the failure seasonably to present before the commissioners of a decedent's estate for allowance a mortgage debt absolutely due at the time of the service of trustee process on decedent bars the claim, and no distributive share of the assets of the estate can be applied to pay that debt in favor either of the principal debtor or the attaching creditor in the trustee process, and so the executrix of the deceased trustee, cited to appear in that trustee suit in accordance with P. S. 1732, properly ignored that debt in her written disclosure.

Under P. S. 1732, providing that, when a person summoned as trustee in a suit begun by trustee process dies before judgment, his executor may be cited to appear, and the case shall then proceed as if the executor, in that capacity, had been originally summoned as trustee, an executor so cited to appear is chargeable only for such sum as should be ordered by the probate court to be paid on the debt as proved before the commissioners on the estate, and so it is necessary for the court in which the trustee suit is pending to continue it as to the trustee until the debt attached has been proved in the usual course of proceedings in the settlement of estates, and an order of distribution of assets has been made, to enable the executor or administrator to file his disclosure.

BOOK ACCOUNT. Heard in vacation after the June Term, 1911, Bennington County, *Taylor,* J., on the report of the commissioner appointed to take the disclosure of the trustee. Judgment discharging the trustee's executrix with costs. The plaintiff excepted.

This is an action of book account in which R. A. Dixon was summoned as trustee. It was brought before a justice of the peace in February, 1903. Judgment was rendered against the principal defendant, also against the trustee. On appeal by the trustee the case was entered in the county court at the June term, 1903. Subsequent thereto, before the next term of that court, and before anything was there done in the case as to the principal defendant or as to the trustee, the trustee died and letters testamentary on his estate were granted to his widow, the said Cornelia A. Dixon.

The executrix, being cited to appear at the June Term, 1904, filed disclosure in January, 1905, that she did not at the

time of service of said citation on her, nor had the estate, any goods, chattels, rights, or credits belonging to defendant. At the time of the hearing before the commissioner, appointed in this case, plaintiffs claimed, as matter of law, that the executrix should file a disclosure denying the liability of the trustee in his lifetime, before proceeding to the trial of the issue as to the liability of the trustee and of herself as executrix. The executrix declined to file further disclosure, on the ground that the disclosure already filed complied with the citation by which she was made a party; whereupon plaintiffs objected to proceeding further, claiming they were entitled to judgment against the executrix and against the estate as trustee, for her neglect and refusal to make disclosure as required.

The executrix seasonably objected to further disclosure being taken or to any hearing being had, on the ground that the county court was without jurisdiction; that the trustee having died, and commissioners having been appointed to receive and examine claims against his estate, this claim could only be presented to them for consideration. The trustee died June 6, 1903, and commissioners were appointed on his estate on July 9, 1903.

The commissioner appointed to take the disclosure of the trustee reports that on October 7, 1897, R. A. Dixon duly executed a chattel mortgage to the principal defendant to secure the payment of a note for four hundred dollars, which mortgage was recorded as required by law. At that time the mortgagor was indebted to the mortgagee as represented by the note. It does not appear, and no claim is made, that the mortgage note or debt was presented before the commissioners on the estate of the deceased trustee, for allowance; nor that the mortgagee's interest in the mortgaged property was attached in this suit under the provisions of section 1696 of the Public Statutes. The record shows that there is due on the note, after applying credits shown, the sum of $156.14, or $203.84, depending on the proper application of an item for $47.70, a question submitted to the court.

*W. B. Sheldon* for the plaintiff.

*Holden & Healey* for the trustee's executrix.

Upon the appointment of commissioners by the probate court this case should have been discontinued, and the property herein attached should have been discharged from the attachment. *Howard* v. *Randall,* 58 Vt. 565; *Powers* v. *Powers Est.,* 57 Vt. 49; *Warner* v. *Crane,* 16 Vt. 79. Because of P. S. 2829, 2830, after the appointment of commissioners on the decedent's estate, the probate court had exclusive jurisdiction to determine the validity and amount of all legal claims against that estate founded on contract. *Adams* v. *Adams,* 16 Vt. 228; *Boyden* v. *Ward,* 38 Vt. 628, 633; *University of Vt.* v. *Baxter,* 43 Vt. 645; *Goff* v. *Robinson,* 60 Vt. 633.

There is no debt due either defendant or plaintiff for which the executrix is chargeable until a decree of the probate court has been made for payment of creditors, and the time thereby fixed for such payment has expired. *Husted* v. *Stone & Tr.,* 69 Vt. 149; *Bank of Orange Co.* v. *Kidder,* 20 Vt. 519; *Probate Court* v. *Chapin,* 31 Vt. 373; *Hudson* v. *Wilber,* L. R. A. 345, and note.

It was the duty of the plaintiff after commissioners had been appointed to have presented their claim to such commissioners for allowance if they sought to share in the distribution of the assets of said estate. Such claims could have been presented in the name of the defendant or in the name of the plaintiff after he had obtained his judgment. *Guptill* v. *Ayer,* 149 Mass. 49; *Rollins* v. *Robinson,* 35 N. H. 381; *Chapman* v. *Gale,* 32 N. H. 141.

WATSON, J.    The appeal, though by the trustee only, brought the whole case into the county court; and, when entered therein, the judgment against the principal defendant, as well as against the trustee, was vacated. P. S. 1654; *Dow* v. *Batchelder,* 45 Vt. 60.

After the case was thus in the county court, but before anything was there done as to the trustee, and before judgment against the principal defendant was affirmed, the trustee died, and soon thereafter—on July 9, 1903—commissioners were appointed on his estate.

The executrix of the last will and testament of the deceased trustee being cited to appear in the case in accordance with the provisions of P. S. 1732, filed her disclosure in Janu-

ary, 1905, alleging that she had not at the time of the service of the citation upon her, nor had the estate of the deceased trustee, any goods, chattels, rights, or credits belonging to the defendant. The disclosure was as broad as the command therefor contained in the citation by which she was made a party to the suit. This being so, it cannot in justice be said, as is urged by the plaintiff, that judgment should have been rendered against her because the period covered by the disclosure did not reach back to the time of the service of the writ upon the trustee. Moreover, a disclosure could be only evidence before the commissioner appointed in the case to hear the issue as to the liability of the trustee, and the scope of the hearing had and the facts reported sufficiently cover the whole period without reference to the disclosure. Hence the legal rights of the parties, so far as they depend here upon the facts, must be determined solely upon the report. *Lovejoy* v. *Lee,* 35 Vt. 430.

The jurisdiction of the probate court over matters touching the settlement of estates is exclusive and complete. Neither common law nor equity courts interfere therein, except in some instances, not here material, in aid of the probate court. *Probate Court* v. *Kent,* 49 Vt. 380. And all estates, without representation of insolvency, are now settled as insolvent estates.

All claims of an absolute or legal nature against a person at his death, must be presented before the commissioners on his estate for allowance, within the time limited by statute. P. S. 2820, 2821. A person having a claim of such character, but not so presenting it, shall be barred from recovering the demand, or from pleading the same in set-off in any action. P. S. 2824; *Goff* v. *Robinson,* 60 Vt. 633, 15 Atl. 339; *Freeman* v. *Holt,* 51 Vt. 538. The mortgage debt owing to the principal defendant from the trustee at the time of the service of the writ upon him was both legal and absolute, and consequently, by the failure to present it before the commissioners on the deceased trustee's estate, it became barred and not a claim on which any distributive share of the assets of the estate was due or could be ordered paid. It follows that the executrix has not in her hands any sum for which she or the estate is liable to the principal defendant, and the judgment in favor of the trustee must be affirmed.

The statute (P. S. 1732) under which the executrix was cited in, provides that if the person summoned as trustee in his own right dies before judgment in the original suit, his executor or administrator may appear voluntarily, or may be cited to appear, and the proceedings shall then be conducted as if the executor or administrator, in that capacity, had been originally summoned as trustee, with an exception not applicable here. Had the executrix, in that capacity, been originally summoned as trustee, she could have been chargeable in this action for only such sum as should by the probate court be ordered paid on the debt as proved before the commissioners on the estate. The owner of the claim could not in law be entitled to more than this from the assets of the estate, and an attaching creditor by trustee process can stand no better.

Under this construction of the statute, it is necessary for the court in which the trustee suit is pending to continue the case from time to time as to the trustee, until the debt attached has been proved in the usual course of proceedings in the settlement of estates and an order has been made for the payment of claims and the distribution of assets among the creditors, to enable the executor or administrator to file his disclosure. There is a similar statute in New Hampshire, and the highest court of that state has given it the same construction. *Chapman* v. *Gale,* 32 N. H. 141; *Rollins* v. *Robinson,* 35 N. H. 281. See also *Guptill* v. *Ayer,* 149 Mass. 49, 20 N. E. 449.

*Judgment affirmed.*