AMERICAN ELECTRIC SERVICE & MAINTENANCE COMPANY *v.*
GEORGE N. HARMAN.

Special Term at Rutland, November, 1930.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed January 7, 1931.

*William L. Scoville* for the petitioner.

*George N. Harman pro se.*

THOMPSON, J. This is a petition for a writ of mandamus. The petitionee is the county clerk for Rutland County. The petitioner is the plaintiff in a case now pending in Rutland county court in which one M. N. Buck is the defendant. The case came into county court by appeal by the defendant from the judgment of a justice of the peace. At the March Term, 1930, the defendant moved that said "cause" be dismissed because there was no *ad damnum* stated in the writ and no jurisdiction conferred upon the court. There was a hearing upon the motion, and the court made the judgment order as shown by a certified copy of the docket entries: "Motion granted; cause dismissed with costs; judgment for defendant with costs." The petitioner took and was allowed an exception, but the same was never perfected. The court took final adjournment July 16, 1930. The judgment fee was not paid before the final adjournment, and thereupon the petitionee erased the entry of dismissal and judgment and entered the case continued, as provided by county court rule 30, section 2.

On July 29 the petitioner, by its attorney of record, made written demand upon the petitionee, as county clerk, to perform the following "ministerial" acts relative to said case: "1. Enter upon the record of said cause the order made therein on July 11, 1930, by *Bicknell*, J., that the appeal be dismissed. 2. Accept for filing and record the Plaintiff's waiver of his exception to the said order. 3. Certify the record of said order to the justice whose judgment was appealed from in said cause. 4. Enter judgment for the above named plaintiff to recover its costs, and issue execution for same."

The petitionee refused to perform these acts; and this petition is brought to compel him to perform them.

Question is raised as to the tender by the petitioner of the judgment fee and the fee for issuing an execution, but we do not consider it, as it is immaterial in our disposition of the case.

The petitioner waives its second demand as to the petitionee receiving and recording its waiver of its exception, because the same was never perfected.

The petitioner bases its right to a writ of mandamus on two grounds. The first ground is that the judgment of the county court was a dismissal of the appeal; that such dismissal took

effect on the day that the court made the order of dismissal; that the order nullified the appeal and the suspension of the judgment by the justice effected by it, and the case goes back to the justice so that he may issue execution as provided by G. L. 1698. The trouble with this ground is that it is erroneous both as to the fact and as to the law. The fact is that the motion of the defendant in the case in county court was "that the above entitled *cause* be dismissed"; and the judgment order of the court was, not that the appeal be dismissed, but "cause dismissed with costs."

■■ The petitioner misconstrues the law relating to appeals from the judgment of a justice of the peace. G. L. 1697 provides "Such appeal shall not vacate the judgment, but shall suspend the same until the expiration of the time allowed for entering and docketing such copies; but, if so entered in the court, the judgment shall be vacated." If the appellant fails to enter the appeal within the time allowed by law, G. L. 1698 provides that the justice may issue execution for the amount of the judgment. But the law is well settled that the effect of the appeal when entered in county court is to vacate the justice judgment and to bring the case entire and *de novo* before the county court, there to be proceeded with in the same manner as if it had been originally returnable to that court. *Hurlburt* v. *Hinde*, 86 Vt. 517, 86 Atl. 739; *Hall* v. *Armstrong*, 65 Vt. 421, 26 Atl. 592, 20 L. R. A. 366; *Bundy* v. *Bruce*, 61 Vt. 619, 17 Atl. 796; *Dow* v. *Batchelder*, 45 Vt. 60; *Fletcher* v. *Blair*, 20 Vt. 124. The judgment of the county court is the final adjudication in such a case, and the case never goes back to the justice of the peace.

■ The petitioner further says that the order dismissing the appeal was not a judgment within the meaning of section 2, rule 30; that the part of the rule which provides that a judgment shall be vacated if the judgment fee is not paid before final adjournment, and the case continued, is void as an attempt to narrow the provisions of G. L. 7405; and that this portion of the rule is not a rule of "orderly procedure" within the meaning of G. L. 1602, but seeks to regulate a question of substantive law.

As we have said before, the order of the court below did not dismiss the defendant's appeal, but it dismissed the petitioner's "cause." If we assume, without conceding, that the order dis-

missing the petitioner's action is not a judgment within the meaning of the rule, and was not vacated by the provisions of the rule, and remains in full force and effect, then the petitioner has no standing in this Court, as the county court case was finally disposed of by an adjudication of the court, to which no perfected exception was taken.

The same result is reached if we assume, as the petitioner contends, that section 2 of rule 30 is void. If that section of the rule is void, which we do not decide, the judgment order remains in full force and effect, and there has been a final disposition of the case by an adjudication of the court. It is only by virtue of the continuance of the case, that the petitioner has any case in county court now.

The trouble with the petitioner's position is that its counsel has assumed that it was the prevailing party on the court's disposal of the defendant's motion to dismiss the cause, when it was in fact the defeated party.

*Petition dismissed with costs.*

### PETITION FOR REHEARING.*

THOMPSON, J. The petitioner has filed a petition for a rehearing. In the first paragraph of its petition it says: "The result of the decision of the Court in this case is, of necessity, that under G. L. 1697, an appeal from the judgment of a justice of the peace, if entered as prescribed by that section, will vacate the judgment and so vest in the county court jurisdiction of the whole cause *de novo* that the county court may effectively dismiss the cause, as distinguished merely from the appeal, even though the grounds of the action of the county court are the want of the justice to entertain the cause and enter judgment. If this decision is right, then it follows as of course that the petitioner did not prevail by the allowance of the motion to dismiss, and is not entitled to the relief prayed for."

The construction of G. L. 1697, that a perfected appeal from the judgment of a justice of the peace vests in the county court jurisdiction of the whole cause *de novo,* has been the settled law for too long a time to be questioned now.

*Opinion on petition for rehearing filed January 22, 1931.

The petitioner also argues that it is an absurdity to hold that a court has no jurisdiction of a cause, has the jurisdiction to dismiss the cause for want of jurisdiction and render judgment for the defendant. But jurisdiction to do this very thing is conferred upon the court by the provisions of G. L. 2037.

*Petition denied. Let full entry go down.*