Morton, J.
This is an action of contract upon a judgment, commenced by trustee process. The trustee answered “no funds,” and interrogatories were propounded to it by the plaintiff and answers thereto were duly filed. In consequence of the substance thereof, the plaintiff filed a motion to charge the trustee. A hearing thereon was held on July 2,1936, and in the course thereof counsel for the trustee offered an affidavit of the Vice-President of the trustee, setting forth that, at the various times of the service of the writ upon the trustee, the defendant was indebted to it in the sum of $150 for money loaned. The court excluded the *556 affidavit and the trustee duly claimed a report in consequence thereof.
The plaintiff contends that this case is not properly before this court as no requests for rulings were filed and acted upon by the trial court. We think, however, that the claim of a report upon the exclusion of the affidavit above referred to, whether such affidavit is to be regarded as a pleading, or as evidence, properly raises the issue as to the propriety of the action of the trial court in refusing to receive the affidavit, and, by virtue thereof, that the case is properly before this court.
General Laws, c. 246, §16, provides that the answer and statement of a trustee, in trustee process, submitted upon oath shall be considered as true in determining how far he is chargeable. In construing this statutory provision the Supreme Judicial Court has ruled that the burden is upon the plaintiff to show that the alleged trustee ought to be charged, and that the plaintiff is bound by the answers filed by the trustee which must be considered as true. Workers’ Credit Union v. Hannula, 285 Mass. 159.
The court has also ruled, however, that the trustee is to be charged or not, according as the evidence disclosed by his answers preponderates. In Cardany v. New England Furniture Co., 107 Mass. 116 the court says at page 117, on the question of charging a trustee upon his answer:
“In arriving at the facts, the plain and natural import of the language of the answer, taken together, must control, and the trustee is to be charged or not, according as the evidence afforded by the whole answer preponderates.”
In the instant case the trustee answered “no funds,” and then, in answer to interrogatories, stated that nothing was due from it to the principal defendant, and further answered in substance that the defendant was in its employ at a *557 weekly salary of $50, and that two services of the writ were made upon it upon the days upon which salary was due and payable to the defendant. In accordance with the case of Cardany v. New England Furniture Co., above cited, it might be said that the preponderating evidence upon the facts stated by the trustee would warrant charging it, in this case, in the absence of the further facts set forth in the affidavit, the exclusion of which raises the issue before us.
The reason for such exclusion is not set forth in the report. We think that Collins v. Smith and Trustees, 12 Gray, 431 is decisive of this issue. In that case a trustee was permitted to file a supplemental answer after allegations of facts had been filed by the plaintiff subsequent to the filing of the original answer by the trustee. Such supplementary answer was filed over the objection of the plaintiff, and the court overruled the exception of the plaintiff to the action of the trial court, and the court, at page 434, after stating that it was competent for the court to receive an additional answer upon the trustee'"s own motion, went on to say:
“And justice certainly requires that whenever at any stage of the proceedings before ultimate judgment, it is discovered that a fact has been stated incorrectly, or in terms so imperfect as to admit óf an inference or an implication not intended, or that through inadvertence or misapprehension material facts have been wholly omitted in previous statements, opportunity should be afforded for any further disclosures which are indispensible to correct or prevent the occurrence of errors.”
Upon the same issue in Winsted Bank v. Adams & Trustee, 97 Mass. 110, the court said at page 112 :
“It was decided in Collins v. Smith, 12 Gray, 431, that it is competent for the court in which a trustee process is pending, at any stage of the proceedings before ultimate judgment, to receive a new and additional answer upon the trustee’s own motion, without a new inter *558 rogatory from the other party; and that justice requires that this should be done, when, through inadvertence or misapprehension, material facts have been wholly omitted in previous statements.”
The language of the opinion in Collins v. Smith, is peculiarly applicable to the situation in the case at bar. As already stated, the answers of the trustee to interrogatories would perhaps warrant the court in charging it. The fact that the defendant was indebted to the trustee might well have been set forth in answer to interrogatory nine propounded by the plaintiff to the trustee, but the trustee refused to answer this interrogatory unless ordered to do so by the court. The trustee states in its brief that such refusal was based upon the alleged ground that the interrogatory was improper as an attempt to contradict other statements made by the trustee. Without passing upon the correctness of this contention, it at least appears that an important fact was omitted “through inadvertence or misapprehension. ’ ’ It thus became the duty of the trial court, in accordance with the cases above cited, to give the trustee an opportunity for a further disclosure of the fact that the defendant was indebted to the trustee at the time of the service or services of the writ upon it. As such additional statement, whether in the form of affidavit or answer to interrogatories, must be taken as true, in accordance with the authorities hereinbefore cited, it was obviously error prejudicial to the rights of the trustee to exclude its affidavit.
By virtue of the authority of G-. L. (Ter. Ed.) c. 231, §124, an order will be entered directing the clerk to receive the affidavit of the trustee and forthwith, upon filing thereof, directing that the trustee be discharged.